508 So.2d 422 (1987)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Bessie TRAMMELL, Personal Representative of the Estate of Lee Warren, Deceased, Appellee.
No. BQ-314.
District Court of Appeal of Florida, First District.
May 12, 1987.
Rehearing Denied June 23, 1987.
*423 Donna Harkness, Dept. of Health and Rehabilitative Services, Pensacola, for appellant.
Ferrin C. Campbell, Sr., Crestview, for appellee.
ERVIN, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals an order of the circuit court holding that a non-heir of a decedent was entitled to homestead protection under the Florida Constitution. We reverse.
Lee Warren, unmarried and apparently without any other surviving heirs, died January 11, 1985, devising his entire estate to his "good friend," Bessie Trammell. The only asset in the estate is a house and lot valued at approximately $9,000. Pursuant to Section 409.345(1), Florida Statutes,[1] HRS filed a lien against the estate in the amount of $14,440.67, covering the amounts expended on behalf of the decedent for his care at a nursing home, direct assistance and medical services. Section 409.345(4), however, consistent with the provisions of Article X, Section 4(a) and (b) of the Florida Constitution (1968), as amended in 1984,[2] forbids such liens against homestead property.[3]
HRS filed a petition for declaratory judgment to determine whether Bessie Trammel was an heir entitled to homestead protection under the Florida Constitution. The circuit court ruled that she was so entitled, stating that Bessie Trammell "is a testamentary heir of Lee Warren and as such is entitled to homestead protection based on Article X, Section 4, of the Florida Constitution as amended." (e.s.) We find no legal support for this conclusion.
The Florida Supreme Court, while never interpreting the word "heirs", as used in Article X, Section 4, Florida Constitution, since its most recent amendment, has interpreted the word as used in Section 2 of Article X of the Florida Constitution of 1885, containing language very similar to the current provision, to mean "those who may under the laws of the state inherit from the owner of the homestead." Shone v. Bellmore, 75 Fla. 515, 78 So. 605, 607 *424 (Fla. 1918). Heirs are defined in Section 731.201(18), Florida Statutes, as "those persons, including the surviving spouse who are entitled under the statutes of intestate succession to the property of a decedent." Among the heirs listed in Section 732.103, Florida Statutes, are lineal decedents, fathers and mothers, brothers and sisters, and grandmothers and grandfathers. Bessie Trammell, who was decedent's "good friend", is not recognized as an heir under Florida law, and is therefore not entitled to the protection of the constitutional homestead provisions that exempt the decedent's property from forced sale.
REVERSED.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] Section 409.345(1), provides in pertinent part:

The acceptance of public assistance shall create a debt of the person accepting assistance, which debt shall be enforceable only after the death of the recipient. The debt thereby created shall be enforceable only by claim filed against the estate of the recipient after his death or by suit to set aside a fraudulent conveyance, as defined in subsection (3).
[2] Those provisions generally state that homestead property is exempt from forced sale and that the exemption shall inure to the benefit of the surviving spouse or heirs of the owner. Article X, Section 4(c) additionally precludes the devise of homestead property if the owner is survived by a spouse or minor child.
[3] Section 409.345(4) provides in pertinent part:

"The claim herein created shall not in any manner be enforceable against a homestead of realty or personalty as defined and provided for in s. 4, Art. X of the State Constitution or against household furnishings and furniture."