579 So.2d 282 (1991)
Wesley J. BARTELT, Individually and As Personal Representative of the Estate of Calvin C. Bartelt, Deceased, Appellant,
v.
Calvin E. BARTELT, Appellee.
No. 90-1324.
District Court of Appeal of Florida, Third District.
May 7, 1991.
*283 Marie Alice Crano, Lake Wales, for appellant.
Browning, Guller and Associates, P.A., and Charlene G. Guller, Key West, for appellee.
Dennis R. White, Naples, Rohan Kelley, Fort Lauderdale, Belcher & Fleece, P.A., and William S. Belcher, St. Petersburg, for amicus curiae the Real Property, Probate and Trust Law Section of The Florida Bar.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.
JORGENSON, Judge.
The personal representative of the estate of Calvin C. Bartelt appeals from an order declaring that the decedent's adult son, the devisee of the decedent's homestead property, takes that property free of the claims of the estate's creditors. Upon its own motion, this court reheard this case en banc to answer a question of great public importance and to determine the viability of In re Estate of Hill, 552 So.2d 1133 (Fla. 3d DCA 1989), appeal dismissed, 564 So.2d 487 (Fla. 1990).[1] For the reasons that follow, we affirm the order on appeal and recede from Hill only to the extent necessary to avoid conflict with the views we express here.
Calvin C. Bartelt died testate in June, 1989. His estate is valued at approximately $60,000 and consists primarily of his homestead property. The decedent's creditors have filed claims totalling $213,000, largely for unpaid medical bills stemming from his last illness. The decedent was survived by two adult children. There was no surviving spouse. A clause in the decedent's will devised the residuary estate, which included his homestead property, to his adult son; the adult daughter received nothing under the will.[2] In December, 1989, the decedent's son petitioned the court to declare the homestead property exempt from the claims of the estate's creditors. The trial court ruled that the son takes the property free of such claims; the personal representative appeals.
Where there is no surviving spouse or minor child, the decedent's homestead may be devised without limitation.[3] When the decedent's homestead is devised to his son  a member of the class of persons who are the decedent's "heirs"  the constitutional exemption from forced sale by the decedent's creditors found in Article X, Section 4(b) of the Florida Constitution,[4] inures to that son. The test is not how title was devolved, but rather to whom it passed. Our holding is controlled by the decision of the Florida Supreme Court in Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla. 1988). In Lopez, the court held that Article X, Section 4(b)'s exemption from forced sale by creditors inured to the decedent's adult heirs.[5] The court reasoned that "[a]s a matter of public policy, the purpose of the homestead exemption is to promote the stability and *284 welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have been given credit under such law." Lopez, 531 So.2d at 948. The same result obtains here.
The personal representative argues that, although "heirs" may avail themselves of the constitutional protection from creditors, "devisees" may not. Section 731.201(18), Florida Statutes (1989) defines heirs or heirs at law as "those persons ... who are entitled under the statutes of intestate succession to the property of a decedent." Devisees are defined in section 731.201(9) as persons "designated in a will to receive a devise." According to the personal representative, a devisee cannot be an heir because a devisee takes by will and an heir takes only where there is no will. We disagree. Heirs, as defined in section 731.201(18), are simply those persons entitled to receive property under the laws of intestacy; the decedent's son, as his lineal descendant, is a member of that class. § 732.103(1), Fla. Stat. (1989). The class designated "heirs" does not exclude those who, but for the decedent's foresight in executing a will, would have taken by the laws of intestate succession. "The term, heirs, in § 4(b) is a definition of a class of persons who may enjoy the continuation of the decedent's exemptions from forced sale by decedent's creditors." Kelley, Homestead Made Easy, Part I: Understanding the Basics, Fla.Bar Journal, Mar. 1991, at 22. See also, McGovern, Kurtz & Rein, Wills, Trusts & Estates, § 11.2 (1988) ("The word `heirs' does not always refer to the intestacy statutes. In Roman law, `heres' meant either a person designated by will or someone who took upon intestacy."); cf. Department of Health & Rehabilitative Servs. v. Trammell, 508 So.2d 422 (Fla. 1st DCA 1987) (because decedent's "good friend" not recognized as an heir under § 732.103, homestead property devised to that "good friend" was not exempt from forced sale by decedent's creditors). In this case, the devisee was the son and natural heir of the decedent. When the decedent's homestead property passed to the son by devise upon the decedent's death, the constitutional exemption from forced sale by the decedent's creditors inured to the son. Article X, Section 4 of the Florida Constitution defines the class of persons to whom the decedent's exemption from forced sale of homestead property inures; it does not mandate the technique by which the qualified person must receive title. Kelley, supra at 22. To hold otherwise would discourage Florida residents from making wills and promote the passage of property through intestacy laws. See In re Estate of Baer, 446 So.2d 1128, 1129 (Fla. 4th DCA) ("But the law abhors intestacy"), rev. denied, 456 So.2d 1181 (Fla. 1984).
In In re Estate of Hill, 552 So.2d 1133 (Fla. 3d DCA 1989), we held that a decedent's homestead property that was devised to the testatrix' stepdaughter, with a direction that, upon sale of the property, the proceeds be divided equally between her stepdaughter and her son, was subject to the claims of the estate's creditors. We distinguished between "heirs" and "devisees" and held that devisees "were not entitled to receive the property exempt against the claims of creditors of the estate." 552 So.2d at 1134. The result we reached was correct. The stepdaughter was not a member of the class designated as the decedent's heirs.[6] However, we expressly recede from Hill to the extent it can be read to bar devisees who are also the decedent's heirs under Florida law from seeking the protection of Article X, Section 4, of the Florida Constitution upon inheriting the decedent's homestead property.
In conclusion, we hold that the trial court was correct in ruling that Calvin E. Bartelt, the devisee and adult son of the decedent, takes the decedent's homestead property *285 free of the claims of the creditors of the estate.
AFFIRMED.
NOTES
[1] We thank the Real Property, Probate and Trust Law Section of the Florida Bar for submitting an amicus brief in this case.
[2] The daughter has not challenged the will.
[3] Art. X, § 4(c), Fla. Const. (1968). See City National Bank of Florida v. Tescher, 578 So.2d 701 (Fla. 1991).
[4] Article X, Section 4(b) of the Florida Constitution provides that "[t]hese exemptions shall inure to the surviving spouse or heirs of the owner." This exemption dates back to the constitution of 1868.
[5] Neither the supreme court nor this court in its opinion in Lopez, 509 So.2d 1286 (Fla. 3d DCA 1987), indicated whether the decedent died testate or intestate. Although the language of the decisions would tend to indicate that Lopez died intestate, the Amicus Curiae points out that Lopez in fact had executed a will which was duly recorded in Official Records Book 12611 at pages 1426 and 1427 of the Public Records of Dade County and admitted to probate. Thus, like the decedent's son in this case, Lopez' "heirs" actually took the homestead property by devise through a residuary clause in her will.
[6] As the court noted in its opinion, the stepdaughter's claim that she is an alternative contingent heir under section 732.103(5), Florida Statutes, "has no effect... ." 552 So.2d at 1134 n. 1.