681 So.2d 1191 (1996)
Kent W. DAVIS, as Personal Representative of the Estate of Betty M. Snyder, deceased, Appellant,
v.
Kelli SNYDER, Appellee.
Case No. 96-00483.
District Court of Appeal of Florida, Second District.
October 23, 1996.
*1192 Kent W. Davis of Foster & Davis, St. Petersburg, for Appellant.
Gerald L. Pickett of Gerald L. Pickett, P.A., Inverness, for Appellee.
SCHEB, JOHN M. (Senior) Judge.
This appeal presents the issue of whether a decedent's devise of her homestead to her granddaughter is exempt from forced sale under article X, section 4(b), Florida Constitution, when the decedent's adult son, entitled to take as heir by intestate succession under section 732.103, Florida Statutes (1993), survives. The trial court held the homestead exemption from forced sale inured to the devisee Kelli Snyder "as an heir and lineal descendant of the decedent." We disagree and reverse.
The facts are undisputed. Betty Snyder died testate on February 15, 1995. She was not survived by a spouse but by her only son, Milo Snyder, an adult, and his only daughter, the appellee, Kelli Snyder. Betty Snyder was therefore entitled to devise her homestead. Art. X, § 4(b), Fla. Const. In her last will and testament which was admitted to probate she devised her residual estate, including her homestead, to her granddaughter, Kelli Snyder.
Kelli Snyder petitioned the probate court to determine that the decedent's homestead passed to her free of claims of creditors because she was a member of that class of persons designated by the intestate statute as an "heir." The appellant, Kent W. Davis, is the personal representative of the decedent's estate. He seeks to sell the homestead property to satisfy creditors' claims, to fund specific bequests, and to pay the costs of administration. He contends that the decedent's surviving child, Milo Snyder, is the decedent's sole heir under the terms of section 732.103 and, because the homestead was not devised to Milo Snyder, the property is not exempt from forced sale to pay claims of creditors, costs of administration, and specific bequests. As noted, the trial court granted Kelli Snyder's petition.
The homestead provisions of the Florida Constitution have been interpreted in numerous instances; however, the precise issue before us is one of first impression at *1193 the appellate level. Article X, section 4(a) of the Florida Constitution provides:
There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead....
Where there is no surviving spouse or minor child, the decedent's homestead may be devised without limitation. Art. X, § 4(c), Fla. Const. Homestead property can be devised through the residuary clause in a decedent's will. Estate of Murphy, 340 So.2d 107 (Fla. 1976). In a devise of a homestead to a spouse or heir of the testator/testatrix the exemption from forced sale inures to the benefit of the devisee. Bartelt v. Bartelt, 579 So.2d 282 (Fla. 3d DCA 1991). The question therefore is simply whether Kelli Snyder, the devisee of the homestead, is an heir as contemplated by article X, section 4, of the Florida Constitution and as defined in sections 731.201(18) and 732.103. If she is, she is thereby entitled to the protection of article X, section 4(b) of the Florida Constitution.
Section 731.201(18) defines "heirs" as "those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." While Kelli Snyder is a lineal descendant of her grandmother, the decedent's adult son, Milo Snyder, is the only member of the next generation of "lineal descendant." A reference to "heirs" is generally considered as referring to those who inherit under the laws of intestate succession. See, e.g., Arnold v. Wells, 100 Fla. 1470, 131 So. 400 (1930). If Betty Snyder had died intestate, Milo Snyder would have inherited everything as her "heir," i.e., next lineal descendant in line, and Kelli Snyder, under any construction of section 732.103, would have inherited nothing. This would be so because inheritance in Florida is "per stirpes." § 732.104, Fla. Stat. (1993). Because Milo Snyder survived, Kelli Snyder is not an intestate "heir" of her grandmother. Therefore, for purposes of the homestead exemption inuring to "the heir of the decedent," as defined by intestate succession, the exemption cannot inure to Kelli Snyder.
Kelli Snyder urges that the laws regarding homestead exemption should be liberally construed. We agree with this principle. She argues, however, that under a liberal construction of the homestead provision she falls within the class of persons designated as "heirs" because she is a "lineal descendant" of her grandmother, the decedent. We disagree with her conclusion. In Public Health Trust v. Lopez, 531 So.2d 946 (Fla.1988), in refusing to allow a distinction to be drawn between "adult heirs" and "dependent heirs," the supreme court found the exemptions permitted in article X, section 4(b), to be clear and referred to section 731.201(18) for the definition of "heirs." Section 731.201(18) defines "heirs" as "those persons ... entitled under the statutes of intestate succession to the property of the decedent." (Emphasis ours.) Under the statutes of intestate succession, Kelli Snyder is not "entitled to the property" of Betty Snyder.
Under Kelli Snyder's interpretation, the exemption from forced sale could conceivably inure to persons distantly or remotely related to the decedent, e.g., "the kindred of the last deceased spouse of the decedent," section 732.103(5), even if they would not be entitled to take the property of the decedent under intestate succession because lineal descendants closer in consanguinity to the decedent survived. Kelli Snyder's interpretation would have a profound effect on the administration of estates and the rights of creditors and hardly seems intended by the constitution. Accordingly, we certify to the Supreme Court of Florida the following question as one of great public importance:
WHETHER ARTICLE X, SECTION 4, OF THE FLORIDA CONSTITUTION EXEMPTS FROM FORCED SALE A DEVISE OF A HOMESTEAD BY A DECEDENT NOT SURVIVED BY A SPOUSE OR MINOR CHILD TO A LINEAL DESCENDANT WHO IS NOT AN HEIR UNDER THE DEFINITION IN SECTION 731.201(18), FLORIDA STATUTES (1993)?
*1194 We reverse the trial court's order and remand for further proceedings in accordance with this opinion.
FRANK, A.C.J., and ALTENBERND, J., concur.