687 So.2d 1328 (1997)
Virginia WALKER, Appellant,
v.
Launa G. MICKLER, Personal Representative, Appellee.
In re the ESTATE OF Carolyn B. MANSFIELD.
No. 96-1543.
District Court of Appeal of Florida, First District.
January 31, 1997.
Thomas A. Daniel, Gainesville, for Appellant.
William G. Noe, Jr., Atlantic Beach, for Appellee.
VAN NORTWICK, Judge.
Virginia Walker, a creditor of the Estate of Carolyn B. Mansfield, appeals a final probate order which determined that a remainder interest in the decedent's homestead that had been devised to David Bavle, decedent's grandson, was entitled to protection from the estate's creditors under article X, section 4(b) of the Florida Constitution. Appellant argues *1329 that Bavle did not constitute an "heir" of the decedent under Florida's intestate succession statute, section 731.201(18), Florida Statutes (1993), and, thus, he cannot be deemed an heir for the purposes of the constitutional homestead exemption provision. We find this argument without merit and affirm.
Article X, section 4(b) of the Florida Constitution provides that the exemptions and protections established for homestead property under article X, section 4(a) "shall inure to the surviving spouse or heirs of the owner."[1] As this court explained in State Department of Health and Rehabilitative Services v. Trammell, 508 So.2d 422 (Fla. 1st DCA 1987), the term "heir" under article X, section 4(b) means "those who may under the laws of the state inherit from the owner of the homestead." Id. at 423, quoting Shone v. Bellmore, 75 Fla. 515, 78 So. 605, 607 (Fla. 1918). Because Bavle, as the decedent's grandson, was a lineal descendent of the decedent, he is a member of the class of persons entitled to receive property under the laws of intestacy, see sections 732.103(1) and 732.401(1), Florida Statutes (1993), and, accordingly, is an "heir" for the purposes of article X, section 4(b). See, Bartelt v. Bartelt, 579 So.2d 282, 283-4 (Fla. 3d DCA 1991). A remainderman is entitled to claim a homestead exemption. Hubert v. Hubert, 622 So.2d 1049 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 624 (Fla.1994).
We find the reasoning of the Third District in Bartelt persuasive. In Bartelt, a decedent was survived by two adult children, but no spouse. The decedent left his homestead to his son, while his daughter was omitted from the will. A creditor of the deceased made a claim against the homestead property. The Third District, sitting en banc, held that the son was entitled to claim a homestead exemption, reasoning:
[w]hen the decedent's homestead is devised to his sona member of the class of persons who are the decedent's "heirs" the constitutional exemption from forced sale by the decedent's creditors found in article X, section 4(b) of the Florida Constitution, inures to that son. The test is not how title was devolved, but rather to whom it passed....
The personal representative argues that, although "heirs" may avail themselves of the constitutional protection from creditors, "devisees" may not. Section 731.201(18), Florida Statutes (1989), defines heirs and heirs at law as "those persons... who are entitled under the statutes of intestate succession to the property of a decedent." Devisees are defined in section 731.201(9) as persons "designated in a will to receive a devise." According to the personal representative, a devisee cannot be an heir because a devisee takes by will and an heir takes only where there is no will. We cannot agree. Heirs, as defined in section 731.201(18), are simply those persons entitled to receive property under the laws of intestacy; the decedent's son, as his lineal descendant, is a member of that class. Sec. 732.103(1), Fla. Stat. (1989). The class designated "heirs" does not exclude those who, but for the decedent's foresight in executing a will, would have taken by the laws of intestate succession.... Article X, section 4 of the Florida Constitution defines the class of persons to whom the decedent's exemption from forced sale of homestead property inures; it does not mandate the technique by which the qualified person must receive title.
579 So.2d at 283-84 (footnote omitted; italics in original).
Significantly, the Bartelt court found no importance in the fact that the decedent's daughter, who would have inherited an interest in equal measure with the son under the laws of intestacy, was omitted from the will. We conclude, as the Bartelt court, that the sequence and share of inheritance as established *1330 under the intestacy statutes does not necessarily determine entitlement to homestead exemption.
We are cognizant that our holding here directly conflicts with the recent opinion of the Second District in Davis v. Snyder, 681 So.2d 1191 (Fla. 2d DCA 1996). In Davis, the Second District defined "heirs" under article X, section 4(b) to mean only the person who would inherent by operation of the intestacy statute. Thus, in Davis, the adult granddaughter of the deceased who was named in the will as the deceased's devisee was found not to be entitled to the homestead exemption because the deceased's son, who would have taken by the laws of intestate succession, was still living. Acknowledging that the granddaughter was obviously a lineal descendant, the Davis court refused to consider her to be an heir for homestead exemption purposes because the son is obviously "closer in consanguinity to the decedent...." 681 So.2d at 1193. The Davis court observed that a construction of the homestead provision such as the one put forth in the instant case "would have a profound effect on the administration of estates and the rights of creditors and hardly seems intended by the constitution." Id.
We find the Davis opinion contrary to the purpose of the homestead exemption from forced sale. We start with the wellestablished principle that the laws regarding homestead exemption are to be liberally construed. Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914); and In re Estate of Skuro, 467 So.2d 1098 (Fla. 4th DCA 1985), aff'd, 487 So.2d 1065 (Fla.1986). Although the constitution is silent as to the intent of the drafters with respect to the rights of creditors of estates, we conclude that, as amended in 1984, article V, section 4(b), however, does reflect the intent that the exemption is to inure to whomever the homestead property passes.[2] In Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla. 1988), the supreme court reflected on the intent of the 1984 amendment to the homestead exemption and observed:
The amended section serves to exempt all homestead property from forced sale for the benefit of the decedent's heirs, regardless of whether the decedent was the head of a household prior to his or her death. As such, whether the decedent had dependent heirs at the time of her death is immaterial under the new amendment. Once it was established that the decedent owned and resided in the property at the time of her death, her estate was entitled to have the property set aside as homestead.
531 So.2d at 948, quoting Lopez v. Public Health Trust of Dade County, 509 So.2d 1286-1287 (Fla. 3d DCA 1987).
Although the supreme court did not define "heir" in Public Health Trust, it described the broad purpose of the exemption in protecting the homestead:
This exemption is from liability for the debts of the ancestor, and it is given to whoever may be heirs without reference to whether they be infants or adults. No such condition is to be found in the Constitution, but according to its plain language and meaning, the heirs, if they be all adult, take the exemption with the land in the same way that infant heirs do.

* * * * * *
It may be said, however, that to permit adult heirs to enjoy the benefit of the exemption is inconsistent with the general idea or purpose of a homestead, and that this is more prominently so when such adults have not lived under the home roof and been a part of the family it protects. The answer to this is found in the very provision of the Constitution that the exemption shall accrue to the heirs of the party having enjoyed it. That property which creditors could not take from the head of the family when he was living, they cannot take from his heirs after his death.
*1331 This is what the Constitution plainly said to any one who might become a creditor.
Public Health Trust, 531 So.2d at 950, quoting, Miller v. Finegan, 26 Fla. 29, 36-7, 7 So. 140, 142 (1890). It seems clear to us that the intent of the homestead exemption is to protect the decedent's homestead from the decedent's creditors for the benefit of the decedent's heirs. To deny the exemption for a homestead property simply because the person chosen by the decedent to receive the property under the will, even though that person is within the class of persons entitled to take under the laws of intestate succession, is not the closest consanguine heir, is contrary to that constitutional intent. Further, as the supreme court noted in Public Health Trust, creditors are deemed to know that homestead property cannot be taken from a debtor or, on the death of the debtor, from the debtor's heirs. Thus, to allow creditors of the decedent to take the homestead by forced sale simply because the beneficiary under the decedent's will is not the closest consanguine heir, only grants a windfall to the creditora result that could not have been intended by the constitution.
Accordingly, for the reasons expressed above, we AFFIRM the judgment of the lower court and certify conflict with Davis.
AFFIRMED.
JOANOS and PADOVANO, JJ., concur.
NOTES
[1] The Florida Constitution of 1868 contained a homestead exemption with restrictive ownership and residency requirements. The 1968 version of the Constitution retained the homestead exemption in an amended form. The ownership requirement was significantly expanded by a 1984 amendment; whereas previously a party had to be the head of a household to qualify for the exemption, 1984 the amendment provided that a "natural person" owning a homestead could qualify.
[2] It should be emphasized that the creditors against whom the exemption provides a shield are the decedent's creditors. Should the heir not utilize the inherited property as homestead, then the exemption does not exist as to the heir's creditors. Aetna Insurance Co. v. LaGasse, 223 So.2d 727 (Fla.1969)(party who inherited property could not claim a homestead exemption as to his own debt when that debt was memorialized by a judgment recorded prior to the inheritance).