692 So.2d 234 (1997)
In re ESTATE OF Madalyn HINTERLEITER, Deceased.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
Myron CONNER and Madalyn Skiles, Individually and as Personal Representative of the Estate of Madalyn Hinterleiter, Deceased, Appellees.
No. 96-02518
District Court of Appeal of Florida, Second District.
April 18, 1997.
*235 Teresa Cooper Ward, St. Petersburg, for Appellant.
H. Scott Macbeth, Sebring, for Appellee Myron Conner.
Clifford M. Ables, III, Sebring, for Appellee Madalyn Skiles.
NORTHCUTT, Judge.
In the probate proceedings below, the trial court determined that appellee Madalyn Skiles's interest in a house devised by the decedent is entitled to the Florida constitutional homestead exemption from forced sale. The state Agency for Health Care Administration, a creditor of the estate, appeals. We reverse, but certify both that this decision passes upon a question of great public importance, and that it conflicts with the decision of another district court of appeal.
The house at issue was the homestead of Skiles's late grandmother, Madalyn Hinterleiter. In her last will and testament, Hinterleiter devised a life estate in the property to her longtime friend and roommate, Myron Conner. She left the remainder of her estate, including the homestead, to Skiles. The controversy before us stems from the fact that when Hinterleiter died she was survived not only by Skiles, her granddaughter, but by a daughter as well.
Article X, section 4(a) of the Florida Constitution states:
There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead....
Subsection (b) of that provision provides that the exemptions contained therein "shall inure to the surviving spouse or heirs of the owner."
The term "heirs" is not defined in the constitution. Both parties contend that the term refers to persons who would be intestate heirs of the decedent, as defined by the laws of intestate succession. Skiles argues that, because she falls within the class of persons eligible to inherit from Hinterleiter under Florida's intestate succession law, i.e., section 732.103, Florida Statutes (1995), she is an "heir" for purposes of the above-quoted provision of the constitution. It would follow, then, that her interest in the house devised to her by her grandmother is exempt from forced sale. This was the view of the trial court.
AHCA points to section 732.104, Florida Statutes (1995), which provides that "[d]escent shall be per stirpes, whether to lineal descendants or to collateral heirs." Therefore, if Hinterleiter had died intestate, her surviving daughter would have inherited her entire estate, including the homestead at issue here; Skiles would have inherited nothing. Consequently, AHCA contends, Hinterleiter's surviving daughter was her only "heir" for purposes of the constitutional homestead exemption, and the home, which Hinterleiter devised to her granddaughter, is not protected from forced sale.
When the trial court ruled that Skiles was entitled to the homestead exemption, there was no authority directly on point. Since that time, however, this court announced its decision in Davis v. Snyder, 681 So.2d 1191 (Fla. 2d DCA 1996), review granted, 691 So.2d 1081 (Fla.1997). In that case, as here, the decedent was survived by a child, but she devised her homestead to her grandchild. When determining whether the property retained its homestead status under those circumstances, this court turned to the definitional section of the Probate Code.

*236 Section 731.201(18) defines "heirs" as "those persons ... entitled under the statutes of intestate succession to the property of a decedent." (Emphasis ours.) Under the statutes of intestate succession, [the granddaughter] is not "entitled to the property" of [the decedent].
Davis, 681 So.2d at 1193. Therefore, we held that the devised property was not entitled to the homestead exemption from forced sale. However, because the case was one of first impression with potentially wide-ranging effect, we certified the following question as one of great public importance:
WHETHER ARTICLE X, SECTION 4, OF THE FLORIDA CONSTITUTION EXEMPTS FROM FORCED SALE A DEVISE OF A HOMESTEAD BY A DECEDENT NOT SURVIVED BY A SPOUSE OR MINOR CHILD TO A LINEAL DESCENDANT WHO IS NOT AN HEIR UNDER THE DEFINITION IN SECTION 731.201(18), FLORIDA STATUTES (1993)?
After we decided Davis, the First District ruled to the contrary in a case very similar factually to the case sub judice, determining that the intent of the homestead exemption is to protect a decedent's homestead from his or her creditors for the benefit of the decedent's heirs. Walker v. Mickler, 687 So.2d 1328, 1328-31 (Fla. 1st DCA 1997). There, the court held that despite the survival of the decedent's son, a devise to the grandson of a remainder interest in the decedent's homestead was protected by the homestead exemption. It concluded that the sequence and share of inheritance as established under the intestacy statutes does not necessarily determine entitlement to the constitutional homestead exemption. The First District certified conflict with Davis, 681 So.2d 1191. In the meantime, the Florida Supreme Court granted review of the Davis decision.
This case is controlled by Davis. Accordingly, we reverse the trial court's order and remand for further proceedings. We also certify the question set forth above as one of great public importance, and we certify that this decision conflicts with the decision of the First District in Walker, 687 So.2d 1328.
Reversed and remanded; question certified; conflict certified.
THREADGILL, C.J., and QUINCE, J., concur.