CAMPBELL, Acting Chief Judge.
Appellant, Jay B. Farrior, III, is guardian for his son, Thomas Richard Farrior, who is the grandson of the decedent, Joseph Brown Farrior, Jr. Appellant, as guardian, challenges the trial court order holding the grandson liable for apportionment of estate taxes on property devised to him by his grandfather and which property was the decedent grandfather’s primary residence and homestead. We affirm based on our decisions in Davis v. Snyder, 681 So.2d 1191 (Fla. 2d DCA 1996) and In re Estate of Hinterleiter, 692 So.2d 234 (Fla. 2d DCA 1997). We recognize that we are in conflict with the First District opinion in Walker v. Mickler, 687 So.2d 1328 (Fla. 1st DCA 1997), as are Davis and Estate of Hinterleiter.
At the time of his death, the decedent was not survived by a spouse or minor children, but by three grandchildren and two adult children. The sole issue presented on appeal is whether the devised homestead is exempt from the apportionment of estate taxes under section 733.817(l)(d), Florida Statutes (1995). Section 733.817(l)(d) provides, in pertinent part, that “real property or mobile home homesteads that are exempt from execution by law shall be exempt from apportionment of taxes. Persons taking an interest in the homestead shall not be liable for apportionment of taxes.”
Davis held that where a decedent is not survived by a spouse or minor children and the homestead of a decedent is properly devised, the devisee takes the former homestead of the decedent subject to the claims of the decedent’s creditors and not exempt from forced sale.
Therefore, the trial court properly determined that Thomas Richard Farrior as devi-see of his grandfather’s homestead was not exempt under section 733.817(l)(d) from the apportionment of taxes.
Though the decedent’s devisee of his homestead is not exempt from apportionment of taxes under 733.817(l)(d), the parties do not argue the applicability of section 733.817(l)(a), which provides, under certain conditions, for a shifting of the estate tax burden of devised property.
Section 733.817(l)(a) provides:
If a part of the estate passed under a will as a devise to be satisfied by reference to a specific property or type of property, fund, sum, or statutory amount or in any other *805 nonresiduary form, ... the net amount of the tax attributable to it shall be charged to and paid from the residuary estate without requiring contribution from persons receiving the interests, except as otherwise directed by the governing instrument. In the event the residuary estate is insufficient to pay the tax attributable to the interests, any balance of the tax shall be equitably apportioned among the recipients of the interests in the proportions that the value of each interest included in the measure of the tax bears to the total of all interests so included, except as otherwise directed by the governing instrument.
The record before us does not contain a copy of the decedent’s will. It is therefore impossible for us to determine whether the will was such as to cause the decedent’s devise of his homestead to his grandson not to be obligated for the taxes attributable to that devise under the provisions of section 733.817(l)(a).
We certify the following question, essentially the same as in Davis and Estate of Hinterleiter, and acknowledge conflict with Walker:
WHETHER ARTICLE X, SECTION 4, OF THE FLORIDA CONSTITUTION EXEMPTS FROM FORCED SALE AND THE APPORTIONMENT OF ESTATE TAXES UNDER 733.817(D) THE DEVISE OF A HOMESTEAD BY A DECEDENT NOT SURVIVED BY A SPOUSE OR MINOR CHILD TO A LINEAL DESCENDENT WHO IS NOT AN HEIR UNDER THE DEFINITION IN SECTION 731.201(18), FLORIDA STATUTES (1993)?
Affirmed.
SCHOONOVER and FULMER, JJ., concur.