714 So.2d 574 (1998)
Herman A. WILLIAMS and Jesse D. Williams, Appellants,
v.
Beth Angel DORRELL, Appellee.
No. 97-2980.
District Court of Appeal of Florida, Third District.
July 1, 1998.
Rehearing Denied August 5, 1998.
*575 Victor K. Rones, Margulies & Rones, North Miami Beach, for appellants.
John F. Phillips, Fort Lauderdale, for appellee.
Before GERSTEN, GODERICH and SORONDO, JJ.
GODERICH, Judge.
Herman A. Williams and Jessie D. Williams [collectively referred to as co-personal representatives] appeal from an order finding that Beth Angel Dorrell is the virtually adopted daughter of the decedent, Clarence W. Williams, and therefore, entitled to an interest in the decedent's homestead property. We affirm.
The co-personal representatives are the decedent's sons. Beth Angel was a foster child who the decedent and his wife brought into their home when she was just five weeks old. The decedent and his wife raised Beth Angel as their own. Further, Beth Angel remained living with the decedent in the family home and tended to his needs until his death. At the time, Beth Angel was twentyseven years old. Through the years, the decedent told Beth Angel that he was going to adopt her but never filed adoption papers. The decedent's sole asset was his homestead property.
The co-personal representatives contend that the trial court erred by finding that Beth Angel is the virtually adopted daughter of the decedent. We disagree.
Virtual adoption is an equitable doctrine created to "protect the interests of a person who was supposed to have been adopted as a child but whose adoptive parents failed to undertake the legal steps necessary to formally accomplish the adoption." Miller v. Paczier, 591 So.2d 321, 322 (Fla. 3d DCA 1991); see also Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943). Virtual adoption does not create a parent-child relationship. It is invoked when the adoptive parents die intestate "in order to allow the supposed-to-have-been adopted child to take an intestate share" and to prevent unfair results created by intestacy statutes. Miller, 591 So.2d at 322; see also Tarver v. Evergreen Sod Farms, Inc., 533 So.2d 765, 766 (Fla.1988); Laney v. Roberts, 409 So.2d 201, 203 (Fla. 3d DCA 1982).
A review of the record indicates that Beth Angel proved the elements that are necessary to establish the doctrine of virtual adoption:
1. an agreement between the natural and adoptive parents;
2. performance by the natural parents of the child in giving up custody;

*576 3. performance by the child by living in the home of the adoptive parents;
4. partial performance by the foster parents in taking the child into the home and treating the child as their child; and
5. intestacy of the foster parents.
In re Matter of Heirs of Hodge, 470 So.2d 740, 741 (Fla. 5th DCA 1985)(citing Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943)). Accordingly, we find that the trial court properly found that Beth Angel is the decedent's virtually adopted daughter.
Next, the co-personal representatives contend that even if Beth Angel is found to be the virtually adopted daughter of the decedent, she is not entitled to an interest in the decedent's homestead property. We disagree.
The Florida homestead provision of Article X, Section 4, of the Florida Constitution, is designed "to protect and preserve the interest of the family in the family home." Snyder v. Davis, 699 So.2d 999, 1002 (Fla. 1997); see also Public Health Trust v. Lopez, 531 So.2d 946, 948 (Fla.1988); State Dept. of Health & Rehabilitative Servs. v. Trammell, 508 So.2d 422, 423-24 (Fla. 1st DCA 1987). Further, Article X, Section 4(b), provides that the protections and exemptions of the homestead "shall inure to the surviving spouse or heirs of the owner." (emphasis added). The term "heirs" under Florida's homestead law is determined using a broad and liberal interpretation of Florida's intestacy statutes. See Snyder v. Davis, 699 So.2d at 1004; Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914). Florida's intestacy statute, section 731.201(18), Florida Statute (1997), defines "heirs" as "those persons ... who are entitled under the statutes of intestate succession to the property of a decedent."
In the instant case, this Court has found that Beth Angel is the virtually adopted daughter of the decedent. As such, she is entitled to receive the decedent's property under Florida's intestacy statutes. Since Beth Angel is an "heir" under Florida's intestacy statute, she is also considered an "heir" for purposes of Florida's homestead provision. We find that Beth Angel, as the virtually adopted child of the decedent, is entitled to an interest in the decedent's homestead property.
Affirmed.