777 So.2d 1110 (2001)
Angela MOSS, Personal Representative of the Estate of Herbert M. Moss, Deceased, and Marilyn Moss Hendershot, Appellants,
v.
ESTATE OF Elsa MOSS, Deceased, Marian Chinich, Personal Representative; Marian Chinich; Anne McGuire; John Stephen Rothenberg: All Professional Homecare, Inc.; Bacon Radiology Group; Bacon Raton Ambulate; Bacon Raton Community Hospital, Inc.; Endocrine & Diabetes Associates, Inc.; and English, Marching & O'Bryan, Appellees.
No. 4D00-1856.
District Court of Appeal of Florida, Fourth District.
January 31, 2001.
*1111 David A. Riggs of Hunt, Cook, Riggs, Myrhh & Miller, P.A., Bacon Raton, for appellants.
No appearance for appellees.
SHAHOOD, J.
We reverse the Order Determining Status of Real Property entered by the trial court. In this case, the court erred in finding that the property in question was validly devised as homestead property to decedent's intestate heirs, but not to the heirs of the predeceased spouse of the decedent.
Elsa Moss (decedent) died testate in Palm Beach County, Florida on May 25, 1999. She left no surviving spouse or minor children. The relevant paragraphs in her Last Will and Testament provided as follows:

FIFTH
All the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated, ..., I devise as follows:
A. One-fourth (¼) to my niece, MARIAN CHINICH, if she shall survive me; ...
B. One-fourth (¼) to my husband's brother, HERBERT M. MOSS, if he shall survive me.[1]
C. One-fourth (¼) to my husband's niece, MARILYN MOSS, if she shall survive me, ...
D. One-fourth (¼) to my niece, LOIS ROTHENBERG, if she shall survive me, ...
On December 1, 1999, Marian Chinich (Chinich), the personal representative of the Estate of Elsa Moss, and a beneficiary under her will, filed a Petition to Determine Homestead Status of Real Property, in her capacity as personal representative. The petition sought an order determining (1)that the decedent's condominium was homestead property; (2)that the property descended to the beneficiaries named in Article Fifth of her will; and (3)that the constitutional exemption of a decedent's homestead from creditors' claims against the decedent's estate inured to the beneficiaries. All Professional Home Care, Inc., a creditor of the estate, filed an objection to the petition, stating that the petitioner failed to establish that the devisees of the *1112 real estate are qualified heirs of the decedent.
Following a hearing, the court found that the constitutional exemption from claims of the decedent's creditors inured to Marian Chinich, Ann McGuire and John Stephen Rothenberg, because they were intestate heirs, but that the exemption did not inure to the heirs of the predeceased spouse of the decedent, Herbert M. Moss, and Marilyn Moss Hendershot. As a result, the trial court entered the order in question, which directed that the property be devised to Marian Chinich, Ann McGuire and John Stephen Rothenberg.
The court excluded Angela Moss and Marilyn Moss Hendershot as devisees of the property in question, stating that "heirs of the predeceased spouse of the decedent do not qualify as heirs under the intestacy laws." The court cited Snyder v. Davis, 699 So.2d 999 (Fla.1997), noting that although that case did not address the specific issue under consideration, "etch result in the web of problems it creates was anticipated in the dissent by Justice Grimmest."
In Snyder v. Davis, 699 So.2d 999 (Fla. 1997), the supreme court addressed the following certified question,
WHETHER ARTICLE X, SECTION 4 OF THE FLORIDA CONSTITUTION EXEMPTS FROM FORCED SALE A DEVISE OF A HOMESTEAD BY A DECEDENT NOT SURVIVED BY A SPOUSE OR MINOR CHILD TO A LINEAL DESCENDANT WHO IS NOT AN HEIR UNDER THE DEFINITION IN SECTION 731.201(18), FLORIDA STATUTES (1993).
Answering the question in the affirmative, the court said that, in determining entitlement to the homestead protections against creditors, the word "heirs" "is not limited to only the person or persons who would actually take the homestead by law in intestacy on the death of the decedent." Id. at 1000. Rather, the court held "that the constitution must be construed to mean that a testator, when drafting a will prior to death, may devise the homestead (if there is no surviving spouse or minor children) to any of that class of persons categorized in section 732.103 (the intestacy statute)." Id.
The Snyder court went on to give a brief history of the homestead law in Florida, explaining that the homestead protections have traditionally been construed liberally in order to protect the homestead property and promote the public policy behind the homestead law. Id. at 1001-02. The court first concluded that the protections against creditors found in the homestead provision may be devised by will, as opposed to merely following the laws of intestacy. Id. at 1002-04. In reaching that conclusion, the court rejected the narrow definition of "heirs," that is, "a person designated to inherit in the event of intestacy at the death of the decedent," in favor of the broader definition, "a successor to property either by will or by law." Id. at 1002-03, 1005. As a result, the court held that
the homestead provision allows a testator with no surviving spouse or minor children to choose to devise, in a will, the homestead property, with its accompanying protection from creditors, to any family member within the class of persons categorized in our intestacy statute.
Id. at 1005.
The intestacy statute includes the following persons as heirs in an intestate estate: (1)lineal descendants of the decedent; (2)the decedent's father and mother; (3)the decedent's brothers and sisters and their descendants; (4)the decedent's paternal and maternal grandparents, aunts and uncles, and the descendants of the aunts and uncles; (5)"the kindred of the last deceased spouse of the decedent as if the deceased spouse had survived the decedent and then died intestate entitled to the estate." § 732.103(1)-(5), Fla. Stat. (1999).
*1113 In this case, both appellants would be entitled to the homestead exemption from creditors pursuant to subsection five of the statute and the broader definition of "heirs" given by the court in Snyder. Herbert M. Moss was the brother of the decedent's last deceased spouse. Marilyn Moss Hendershot is the niece of the decedent's last deceased spouse. The trial court erred in excluding these two people as devisees of the decedent's homestead.
We, accordingly, reverse and remand with directions that the trial court direct the personal representative to distribute the property in question pursuant to Article Fifth of decedent's last will and testament.
REVERSED AND REMANDED.
STONE and HAZOURI, JJ., concur.
NOTES
[1] Herbert Moss died on October 22, 1999, a resident of North Carolina; Appellant, Angela Moss, was appointed personal representative of his ancillary estate which was set up in Palm Beach County.