864 So.2d 1188 (2004)
Carl S. TRAEGER, Appellant,
v.
CREDIT FIRST NATIONAL ASSOCIATION, etc., Appellee.
No. 5D03-1759.
District Court of Appeal of Florida, Fifth District.
January 9, 2004.
*1189 Arthur Graham and E. Channing Coolidge, Jr. of Landis Graham French, P.A., DeLand, for Appellant.
No Appearance for Appellee.
SAWAYA, C.J.
Carl Traeger appeals the final judgment denying in part and granting in part the Petition To Determine Homestead Status of Real Property filed by the personal representatives of the Estate of Rosemary Traeger. He asserts that the probate court erred in determining that the one-half share of the real property devised to him by his stepmother, Rosemary Traeger, in her will was not entitled to homestead protection and was thus not exempt from creditors of the estate. We reverse.
When Ms. Traeger died she was not survived by a spouse or minor children. Thus, in her last will and testament she devised her homestead, a condominium unit in Ponce Inlet, in equal shares to Carl Traeger, her deceased husband's adult son, and to Suzanne Cairo, her adult natural daughter. After the probate court appointed Mr. Traeger and Ms. Cairo co-personal representatives, they petitioned the court to determine the homestead status of the condominium unit,[1] asserting their belief that the property was exempt homestead that descended to them both sheltered by that protection. The probate court ruled that because Ms. Cairo is a lineal descendant of Mrs. Traeger, Ms. Cairo occupies a higher class under the intestacy statute, section 732.103(1)-(5),[2] *1190 than does Mr. Traeger, and thus her share of the condominium unit is entitled to homestead status. Because Mr. Traeger is lower in the hierarchy established by the intestacy statute, the probate court further concluded that Mr. Traeger's share of the condominium unit is not entitled to such protection. We reverse because, as Mr. Traeger correctly argues, the fact that Mr. Traeger is in a lower "class" of persons for intestacy purposes is irrelevant; he is an "heir" as that term is broadly defined and it is immaterial that he is not the closest heir under the intestacy statute. Our analysis of the constitutional provisions, legislative enactments and pertinent decisions of the Florida courts that form the body of Florida's homestead jurisprudence leads us to our conclusion.
The law of homestead began as an "American innovation" that was incorporated into Florida's jurisprudence where it evolved, relative to the homestead laws of other jurisdictions, into a rather unique body of rules and principles. Snyder v. Davis, 699 So.2d 999, 1002 (Fla.1997). The Florida Constitution, in article X, section 4(b), provides that the exemptions and protections established for homestead property under article X, section 4(a) "shall inure to the surviving spouse or heirs of the owner." The term "heir" under article X, section 4(b) means "`those who may under the laws of the state inherit from the owner of the homestead.'" State, Dep't of Health & Rehabilitative Servs. v. Trammell, 508 So.2d 422, 423 (Fla. 1st DCA 1987) (quoting Shone v. Bellmore, 75 Fla. 515, 78 So. 605, 607 (1918)). Section 731.201(18) defines "heirs" as "mean[ing] those persons, including the surviving spouse, who are entitled under the statutes of intestate succession to the property of a decedent." § 731.201(18), Fla. Stat. (2002).[3]
The purpose of the homestead exemption under Florida law and its attendant protections derives from public policy rather than principles of equity "to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law."
*1191 Snyder, 699 So.2d at 1002 (quoting Public Health Trust v. Lopez, 531 So.2d 946, 948 (Fla.1988)). The court in Snyder noted that in order to promote the declared purpose of homestead exemption, the homestead provision in Florida's constitution "is to be liberally construed in favor of maintaining the homestead property." Id. at 1002, 1005. It found that "the protections against creditors found in the homestead provision may be devised by will" and that a broad definition of "heirs" was appropriate. Id. at 1003-04, 1005. Accordingly, the court concluded:
In the context of this case, we reject the narrow entitlement definition of the term "heirs" that includes only those people who would inherit under the intestacy statute at the death of the decedent. Instead, we hold that the homestead provision allows a testator with no surviving spouse or minor children to choose to devise, in a will, the homestead property, with its accompanying protection from creditors, to any family member within the class of persons categorized in our intestacy statute.
Id. at 1005. This holding reversed the appellate court's decision that a testator could only devise her homestead to the person or persons who would have actually taken the homestead had the testator died intestate and allowed the granddaughter to take the homestead, complete with homestead protection, even though the testator's natural son (the father of the granddaughter) was still alive at the time of the testator's death. See also Moss v. Estate of Moss, 777 So.2d 1110 (Fla. 4th DCA 2001); Walker v. Mickler, 687 So.2d 1328, 1331 (Fla. 1st DCA) ("To deny the exemption for a homestead property simply because the person chosen by the decedent to receive the property under the will, even though that person is within the class of persons entitled to take under the laws of intestate succession, is not the closest consanguine heir, is contrary to that constitutional intent."), approved, 699 So.2d 687 (Fla.1997).
It is clear from the homestead provisions contained in Florida's constitution and statutes, as properly interpreted and applied by the courts in the case law we have discussed, that Mr. Traeger's one-half interest in the condominium unit is entitled to the protection of the homestead laws. Accordingly, we reverse and remand for further proceedings consistent herewith.
REVERSED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] A condominium may qualify as a homestead. See Southern Walls, Inc. v. Stilwell Corp., 810 So.2d 566, 571 (Fla. 5th DCA) (citing King v. King, 652 So.2d 1199 (Fla. 4th DCA 1995)), review denied, 829 So.2d 919 (Fla.2002).
[2] The intestacy statute, section 732.103, Florida Statutes, provides the following hierarchy of classes of people who are entitled to property if the decedent dies intestate:

The part of the intestate estate not passing to the surviving spouse under s. 732.102, or the entire intestate estate if there is no surviving spouse, descends as follows:
(1) To the lineal descendants of the decedent.
(2) If there is no lineal descendant, to the decedent's father and mother equally, or to the survivor of them.
(3) If there is none of the foregoing, to the decedent's brothers and sisters and the descendants of deceased brothers and sisters.
(4) If there is none of the foregoing, the estate shall be divided, one-half of which shall go to the decedent's paternal, and the other half to the decedent's maternal, kindred in the following order:
(a) To the grandfather and grandmother equally, or to the survivor of them.
(b) If there is no grandfather or grandmother, to uncles and aunts and descendants of deceased uncles and aunts of the decedent.
(c) If there is either no paternal kindred or no maternal kindred, the estate shall go to the other kindred who survive, in the order stated above.
(5) If there is no kindred of either part, the whole of the property shall go to the kindred of the last deceased spouse of the decedent as if the deceased spouse had survived the decedent and then died intestate entitled to the estate.
§ 732.103, Fla. Stat. (2002).
[3] The term "heirs" also includes devisees, and not just those people who would inherit under the intestacy statute at the death of decedent. Snyder v. Davis, 699 So.2d 999, 1003 (Fla. 1997).