SHEPHERD, J.
 

 This is an appeal of a final order on DiAnna Bennis’ petition for determination of beneficiaries
 
 [1]
 
 under the will of Lawrence K. McMullen, decedent. The validity of the will is contested. Before determining the validity of the will, the trial court heard evidence on the petition for determination of beneficiaries and concluded Bennis was a “virtually adopted daughter” of the decedent, potentially assuring her a distribution from the estate either as a beneficiary under the will or as the sole heir of the decedent under the laws of intestacy. Because we conclude the trial court’s consideration of Bennis’ filial status was premature, we vacate the order under review and remand this case for further proceedings.
 

 “Virtual adoption is an equitable doctrine created to ‘protect the interests of a person who was supposed to have been adopted as a child but whose adoptive parents failed to undertake the legal steps necessary to formally accomplish the adoption.’ ”
 
 Williams v. Dorrell,
 
 714 So.2d 574, 575 (Fla. 3d DCA 1998) (quoting
 
 Miller v. Paczier,
 
 591 So.2d 321, 322 (Fla. 3d DCA 1991)). To advantage oneself of the doc
 
 *892
 
 trine, a proponent-adoptee must demonstrate the following:
 

 1. an agreement between the natural and adoptive parents;
 

 2. performance by the natural parents of the child in giving up custody;
 

 3. performance by the child by living in the home of the adoptive parents;
 

 4. partial performance by the foster parents in taking the child into the home and treating the child as their child; and
 

 5. intestacy of the foster parents.
 

 Id.
 
 at 575-76.
 

 The parties admit there is a will of record purportedly executed by the decedent, and that they are poised to engage in a contest over its validity if necessary. But, because they are of the opinion that obtaining a final determination on Bennis’ petition for determination of beneficiaries is less labor intensive for them and, by their reckoning, would be dispositive of the final distribution of estate assets, they asked the trial court to adjudicate the virtual adoption question before considering the validity of the will. The trial court acceded to the request.
 

 Upon our review, we decline to accept the “reckoning” of the parties as to the ultimate distribution of the assets of this estate. Much can occur in a probate proceeding between any particular point in time and a final distribution order. We also find the proceeding, as initiated by the parties, an unauthorized request for an advisory opinion. Although the Florida Supreme Court is expressly authorized to issue advisory opinions pursuant to several provisions of the Florida Constitution,
 
 see
 
 Art. IV, § 10, Fla. Const, (pertaining to citizen’s initiatives); Art. IV, § 1(c), Fla. Const, (pertaining to opinions requested by the governor); Art. V, § 2(a), Fla. Const, (pertaining to questions related to military law), and district courts of appeal are so empowered by the latter, trial courts have no authority to issue advisory opinions to parties.
 
 See Dep’t of Revenue v. Kuhnlein,
 
 646 So.2d 717, 721 (Fla.1994) (“[P]arties must not be requesting an advisory opinion, except in those rare instances in which advisory opinions are authorized by the Constitution.”) (internal citation omitted);
 
 see also Martinez v. Scanlan,
 
 582 So.2d 1167, 1170 (Fla.1991) (quoting
 
 May v. Holley,
 
 59 So.2d 636, 639 (Fla. 1952)) (stating that petitions for declaratory relief “should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts”).
 

 In this case, the validity of the decedent’s will is unresolved. Whether Bennis is a virtually adopted daughter becomes material to the probate proceeding only if the decedent’s will is invalid. Consideration of the validity of the decedent’s will necessarily must be the court’s first order of business. If the court determines the will is invalid, Bennis then may proceed as she deems appropriate.
 

 Order vacated without prejudice and case remanded for further proceedings.
 

 [1]
 

 . Although styled a "Petition for Determination of Beneficiaries,” the petition addresses but a single disputed beneficiary — the appel-lee, DiAnna Bennis.