# Third District Court of Appeal

## State of Florida

Opinion filed October 16, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2102
Lower Tribunal No. 23-FH1627
_____

**Shridhar D. Marathe,**
Appellant,

vs.

**Molina Healthcare of Florida, Inc.,**
Appellee.

An Appeal from the State of Florida Agency for Health Care Administration, Office of Fair Hearings.

Shriram Marathe, for appellant.

Lombard Law, Eduardo S. Lombard, and Melissa Hedrick (Tallahassee), for appellee.

Before SCALES, MILLER, and GOODEN, JJ.

MILLER, J.

We have for review a final order entered by the Florida Agency for Health Care Administration ("AHCA") against Shridhar D. Marathe affirming the denial of an additional thirty hours of respite care services. Molina Healthcare of Florida, Inc. denied Marathe, a centenarian who is suffering from a myriad of medical conditions and is essentially non-ambulatory, extra services he requested during the week his son, a physician, was traveling for work-related purposes. In affirming the denial, the AHCA hearing officer erroneously attributed testimony by a layperson to a physician and found that the physician "provided credible and persuasive testimony that . . . the approved level of services . . . are sufficient to meet [Marathe's] needs." Although this error pervades the factual findings, we are foreclosed from any further review of this appeal. Marathe requested services for fixed dates that have long passed, and he neither requested nor admitted any evidence entitling him to reimbursement or any other available remedy. See Fla. Admin. Code R. 59G-1.100(2)(f) (defining "[c]orrective [a]ction" as corrective payments or, if appropriate, admission or readmission to a facility in accordance with federal regulations); Fla. Admin. Code R. 59G-1.100(17)(p) (authorizing corrective payments for an "already-provided service"). Marathe recognized this fact at the administrative hearing but contended that he wished to prevent similar denials in the future. We conclude "the controversy

2

has been so fully resolved that a judicial determination can have no actual effect." Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992). As we have further failed to identify any "collateral legal consequences that affect the rights of a party flow[ing] from the issue to be determined," id., and a finding as to any future denial is not yet ripe for determination, we dismiss the appeal, see, e.g., George v. Dep't of Corr., 278 So. 3d 770 (Fla. 3d DCA 2019) (declining to reach issue that "is not ripe for determination" because such claim was "little more than an unauthorized request for an advisory opinion") (quoting McMullen v. Bennis, 20 So. 3d 890, 892 (Fla. 3d DCA 2009)); see also Merkle v. Guardianship of Jacoby, 912 So. 2d 595, 599 (Fla. 2d DCA 2005) ("With limited exceptions not material here, Florida's appellate courts are not authorized to issue advisory opinions.").

Appeal dismissed.