DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FLORIDA DEPARTMENT OF CORRECTIONS,

Appellant,

v.

NATHANIEL R. O'NEAL,

Appellee.

No. 2D2023-2495
_____

December 11, 2024

Appeal from the Circuit Court for Hillsborough County; Samantha L. Ward, Judge.

Ashley Moody, Attorney General, Tallahassee, and David Ellis, Assistant Attorney General, Tallahassee, for Appellant.

Krista Dolan of Southern Poverty Law Center, Tallahassee; and Kelly Knapp of Southern Poverty Law Center, Miami, for Appellee.


CASANUEVA, Judge.

The Florida Department of Corrections ("FDOC")—part of the Executive Branch of the State of Florida—appeals the trial court's order denying its motion to impose a civil restitution lien upon Nathaniel R. O'Neal. To resolve this dispute, we must examine the statutory language which authorizes the FDOC to seek a civil restitution lien order against the trial court's legal determination to deny the requested relief. As

explained below, because we conclude that the FDOC was entitled to the statutory civil restitution lien order, we reverse. We do not address whether a civil restitution lien may be denied or avoided based on the rationale expressed by the trial court.

## I. Background

In 2016, Mr. O'Neal was found guilty of first-degree murder and was sentenced to life in prison with a twenty-five-year minimum mandatory. Thereafter, in June of 2021, Mr. O'Neal filed a civil rights action, asserting that while in the FDOC's custody he was injured by FDOC employees and was later denied treatment for the claimed injuries. Mr. O'Neal sought to recover $165,000 in damages.[1]

During the pendency of Mr. O'Neal's action, the FDOC moved for a civil restitution lien order in the amount of $250,000. Mr. O'Neal objected, and following an evidentiary hearing on the motion, the trial court made several findings of fact and conclusions of law. For purposes of this appeal the salient ones are as follows: (1) the FDOC's motion for a civil restitution lien order was only filed as a retaliatory response to Mr. O'Neal's civil action; (2) the FDOC deliberately filed motions for civil restitution liens in select cases, such as Mr. O'Neal's, "either in retaliation where the defendant has filed a civil rights complaint, and/or as a preemptive set-off where there exists a potential cause of action and financial recovery"; and (3) the FDOC applied the Civil Restitution Lien Act (the "Act")[2] "in a selective and discriminatory manner by seeking the imposition of the civil restitution lien judgment based upon an improper,

---

[1] Mr. O'Neal sought $85,000 in compensatory damages and $80,000 in punitive damages.

[2] The Act includes sections 960.29 through 960.297, Florida Statutes (2022).

unjustifiable or arbitrary classification, that is, an inmate who has filed a civil rights complaint against FDOC and in order to offset any potential financial compensation."

The trial court concluded that the actions of the FDOC constituted a violation of Mr. O'Neal's right to equal protection as applied to the instant proceeding. Therefore, the trial court denied the FDOC's motion for a civil restitution lien order. And importantly, Mr. O'Neal's civil action was dismissed by a summary judgment disposition in favor of the defendants.

## II. Discussion

As Justice Kagan stated in 2015, "we're all textualists now." Harvard Law School, *The Antonin Scalia Lecture Series: A Dialogue with Justice Elena Kagan on the Reading of Statutes*, YouTube (Nov. 25, 2015) https://www.youtube.com/watch?v=dpEtszFT0Tg. Accordingly, we begin our discussion with sections 960.292 and 960.293, Florida Statutes (2022).

In operation, as well as in public policy, sections 960.292 and 960.293 establish a procedure to obtain a restitution lien as well as the quantification of damages; that is, the amount of recovery a statutorily identified complainant may recover. To start, once convicted, "the convicted offender . . . incur[s] civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in [section] 960.293." § 960.292(1). In order to recover those damages and losses, section 960.292(2) provides that "[u]pon motion by the state . . . the court in which the convicted offender is convicted shall enter civil restitution lien orders in favor of . . . the state." And because proceedings to impose a civil restitution lien are "civil in nature," *see Fla. Dep't of Corr. v. Holt*, 373 So. 3d 969, 971 (Fla. 2d DCA 2023) (citing

*Goad v. Fla. Dep't of Corr.,* 845 So. 2d 880, 884-85 (Fla. 2003)), the legislature explicitly limits the court of conviction's continuing jurisdiction over the convicted offender to "entering civil restitution lien orders for the duration of the sentence and up to 5 years from release from incarceration or supervision." § 960.292(2). We note that a motion for civil restitution lien order may also be filed in a separate civil action or as counterclaim in any civil action. *See* § 960.297(1).

On this record, it is clearly established that Mr. O'Neal incurred a civil liability for damages and losses after he was convicted of first-degree murder, a life felony. Pursuant to its motion, the state, through the FDOC, was entitled to a civil restitution lien order in the amount provided by section 960.293. Section 960.293(2)(a) provides that "[i]f the conviction is for a capital or life felony, the convicted offender is liable for incarceration costs and other correctional costs in the liquidated damage amount of $250,000." Although the FDOC appeared entitled to the lien order in the amount of $250,000, the trial court found that the FDOC's selective use of the Act upon an unjustified or arbitrary classification of persons amounted to an equal protection violation.

As a general matter, Section 1 of the Fourteenth Amendment to the United States Constitution provides in relevant part that no State shall "deny to any person within its jurisdiction the equal protection of the laws." Mr. O'Neal is without question a person within the meaning of the Fourteenth Amendment and is likewise within the jurisdiction of the State of Florida. And further, Mr. O'Neal is part of a narrower classification of persons, convicted prisoners. *See Bell v. State,* 369 So. 2d 932, 934 (Fla. 1979) (explaining that "[i]n order to constitute a denial of equal protection, the selective enforcement must be deliberately based on an unjustifiable or arbitrary classification"). But the Act has faced

4

similar constitutional challenges in the past, and our supreme court has upheld its constitutionality. *See Ilkanic v. City of Fort Lauderdale*, 705 So. 2d 1371, 1373 (Fla. 1998) ("The class of convicted prisoners is a legitimate classification upon which to impose the per diem charge in view of the fact that it is this class that causes public bodies to incur the additional financial burden.").

Moreover, our reading of the text leads us to the conclusion that the entry of the lien order is a ministerial duty. Therefore, it is not necessary here for this issue to be developed further as we conclude that a Fourteenth Amendment challenge is beyond the jurisdiction conferred upon the trial court at this point in the procedural posture. And further, as noted earlier, because the action brought by Mr. O'Neal was resolved by a summary final judgment in favor of the defendants, any consideration of constitutionality as a setoff is rendered moot. *See George v. Dep't of Corr.*, 278 So. 3d 770 (Fla. 3d DCA 2019) ("Unless and until Mr. George obtains a recovery and the Department's attempt to use the lien as a set off is either actually occurring or imminent, his request for a ruling on this point is little more than 'an unauthorized request for an advisory opinion.' " (quoting *McMullen v. Bennis*, 20 So. 3d 890, 892 (Fla. 3d DCA 2009))); *see also Scott v. State*, 324 So. 3d 1023 (Fla. 3d DCA 2021) (same).

### III. Conclusion

Although we may share the trial court's concerns about the use of the civil restitution lien in this manner,[3] the FDOC pursued a remedy

---

[3] The federal government clearly intends the civil rights statutes to serve as a tool that prevents or at least deters unacceptable abuse of prisoners in state correctional facilities. If the states can create restitution judgments that protect their employees from such judgments, there does not

which it was entitled to pursue according to the Act against an individual whom the supreme court has already determined is part of a legitimate class upon which to impose the cost. And any constitutional challenge to the use of a lien order as a setoff should be brought in the action where the lien is sought to be imposed against a convicted person's damage judgment.

Because we conclude that the trial court exceeded its narrow jurisdiction, we reverse and remand for the trial court to grant the FDOC's motion and enter a civil restitution lien order.

Reversed and remanded.

NORTHCUTT and LaROSE, JJ., Concur.

───────────────────────────

Opinion subject to revision prior to official publication.

seem to be an effective method short of criminal prosecution of prison guards to protect the basic human rights of prisoners.

*Green v. State*, 998 So. 2d 1149, 1151 (Fla. 2d DCA 2008) (Altenbernd, J., concurring).