CLEMENT ARNOLD THOMPSON v. ERRETT MOSELEY, Appellant.—125 S. W. (2d) 860.

Division One, March 8, 1939.

*Pendleton & Martin* for appellant.

*Luman Spry* and *Johnson & Bacon* for respondent.

HYDE, C.—This is an action in equity to enforce an oral agreement to adopt plaintiff, and seeking a decree that plaintiff is the adopted child of Carl Moseley, deceased, and the sole legal heir of and owner of all of the property, real and personal, of Carl Moseley. Such a decree was entered by the trial court and defendant Errett Moseley has appealed.

This appeal is before us on the record proper only, and the sole ground, which could here be and is raised, is that the facts pleaded were not sufficient to entitle plaintiff to the decree entered. [See Presbyterian Orphanage v. Fitterling, 342 Mo. 299, 114 S. W. (2d) 1004.] The petition alleged that plaintiff was the son of a brother of Carl Moseley's mother; that he was born April 14, 1895; and that, at Carl Moseley's invitation, he lived in his home from 1904 until August 5, 1920, when he was married. It also alleged that Carl Moseley, at the time of his death, owned 133 acres of land in Cooper County and certain personal property. The contract of adoption, relied upon, was stated to have been made in June, 1919, with plaintiff and Susan M. Woodroof, an aunt of Carl Moseley.

The allegations concerning this contract were, as follows: "Susan M. Woodroof, Carl Moseley, and the plaintiff made and entered into an oral contract and agreement by and under which said contract and agreement the said Susan M. Woodroof promised and agreed to give and convey . . . one hundred ninety-two (192) acres of real estate to the plaintiff and to the said Carl Moseley, if and upon the consideration from the said Moseley that the said Carl Moseley would adopt the plaintiff as his child and heir and would leave the plaintiff all of his property at the death of said Moseley, and if and upon the consideration from said plaintiff, that the plaintiff would look after and provide and care for Frances Sophia Moseley (a sister of Susan M. Woodroof) as long as she lived. That the plaintiff and the said Carl Moseley then and there consented and accepted the terms and agreements of said contract and the said Carl Moseley for said considerations promised and agreed to and with said Susan M. Woodroof that he would adopt the plaintiff as his child and heir, and that he would leave the plaintiff all his property at the death of said Moseley, and the plaintiff then and there promised to and agreed with the said Susan M. Woodroof that the plaintiff would look after and provide and care for the said Frances Sophia Moseley as long as she lived.

"Plaintiff further states that thereafter in consideration of and pursuant to said contract and agreement aforesaid, and on the 2nd day of July, 1919, the said Susan M. Woodroof did give and convey to the plaintiff and the said Carl Moseley the above described one hundred ninety-two (192) acres of real estate . . ., and thereupon the plaintiff and said Moseley became seized and possessed of said real estate. . . . In consideration of and pursuant to said contract the plaintiff looked after, provided, and cared for the said Frances Sophia Moseley, by furnishing to her a home and the comforts and necessities of life; that in the year 1920, plaintiff moved to the home of the said Susan M. Woodroof and there performed all the work and labor in looking after and caring for the said Susan M. Woodroof and her said sister, and furnished the food and necessities of life for them; that the said Susan M. Woodroof departed this life on July 29, 1929, at the age of ninety (90) years; that thereupon plaintiff took the said Frances Sophia Moseley, sister of said Susan M. Woodroof into plaintiff's home and . . . plaintiff has looked after and cared and provided for the sister of said Susan M. Woodroof, aforesaid, and furnished her a home, lodging, and the comforts and necessities of life, and that he still is looking after and providing and caring for the said Frances Sophia Moseley, who is now at the age of eighty-five (85) years, and that he will continue to do so so long as she lives."

The petition further alleged that: "At and ever after the date of said contract and agreement aforesaid, until the death of said

Carl Moseley, the said Moseley lavished upon plaintiff the love and affection of a parent toward a child, and during all of said time plaintiff treated the said Moseley with the kindness and affection that children are wont to display toward their natural parents, and performed the services that children ordinarily perform for the natural parents and at all said times treated and considered the said Moseley as his father.'' It further stated full performance by Susan M. Woodroof (by her conveyance) and receipt of full benefits by Carl Moseley, and alleged that Carl Moseley did make a will in 1919 which devised and bequeathed all his property to plaintiff (subject to a life estate of his wife who died prior to his death), but thereafter revoked it in 1930; and that Carl Moseley died May 15, 1935, leaving a will in which plaintiff was not mentioned. It was also alleged that Carl Moseley and wife, in 1919, filed a petition to adopt plaintiff in the Circuit Court of Cooper County, with plaintiff's written consent, but thereafter dismissed it and no decree of adoption was ever obtained. Defendant's answer contained a general denial and also specifically raised the Statute of Frauds as a defense. Plaintiff's reply set up estoppel ''to assert or defend herein because the contract alleged in plaintiff's petition was not in writing.''

The decree entered herein, and from which this appeal is taken, contained specific findings that all the above mentioned allegations of the petition were true, and adjudged that ''said contract so made and entered into by and between the said Susan M. Woodroof, Carl Moseley, and the plaintiff, as aforesaid be and the same is hereby specifically enforced, and that the plaintiff be and he is hereby adjudged, declared and decreed the legally adopted child and sole and only heir at law of said Carl Moseley, deceased, and as such, the sole and only owner of and entitled to receive all the property owned by the said Carl Moseley at the time of his death; . . . that the said Carl Moseley at the time of his death died intestate as to the plaintiff; that the plaintiff is entitled to and he does inherit all of the property owned by the said Carl Moseley at the time of his death as his sole and only heir at law; and that neither one of defendants has any right, title, interest or estate in and to any of the property owned by Carl Moseley.''

There is much said in the briefs of both parties about whether the contract alleged was severable or entire. We do not think this is decisive because it clearly appears on the face of this record that there never was a legal adoption of plaintiff, and that the contract, relied upon, which was ordered specifically enforced by the court, was an oral contract of adoption made between Susan M. Woodroof, Carl Moseley, and plaintiff, when plaintiff was an adult twenty-four years of age. It further appears therefrom that the plaintiff's right to the property of Carl Moseley was solely based on his inheritance thereof under such adoption. This decree was ''a judicial determina-

tion of the status . . . resulting from an executed contract.''
[Carlin v. Bacon, 322 Mo. 435, 16 S. W. (2d) 46.] ▮ This court
has recognized the validity of an adoption of an adult in the manner
provided by law. [Brock v. Dorman, 339 Mo. 611, 98 S. W. (2d) 672;
St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S. W. (2d)
685; State ex rel. Buerk v. Calhoun, 330 Mo. 1172, 52 S. W. (2d)
742, 83 A. L. R. 1393.] However, we know of no case, and none is
cited, in which this court has applied the doctrine of equitable adop-
tion to specifically enforce an oral contract to adopt a person who was
an adult at the time such verbal contract was made. Moreover, our
view is that such an application would be contrary to the funda-
mental basis of the doctrine. That basis has been recognized to be
that it is so inequitable and unjust to allow one to fail to comply with
an agreement made with the parent or custodian of a child to adopt
it, when he has taken the child at such an age that it had no will
or choice of its own in the matter, that, after the child has performed
everything contemplated by the relation provided for, the intended
adoptive parent or his heirs will be estopped to deny an adoption.
[See Lynn v. Hockaday, 162 Mo. 111, 61 S. W. 855; Remmers v.
Remmers (Mo.), 239 S. W. 509; Signaigo v. Signaigo (Mo.), 205 S.
W. 23; Carlin v. Bacon, 322 Mo. 435, 16 S. W. (2d) 46; Taylor v.
Coberly, 327 Mo. 940, 38 S. W. (2d) 1055; Drake v. Drake, 328 Mo.
966, 43 S. W. (2d) 556; Bland v. Buoy, 335 Mo. 967, 74 S. W. (2d)
612; see, also, 27 A. L. R. 1325 note; 2 A. L. R. 1198 note; 2 C. J. S.
394-404; 1 Am. Jur. 629-633.] To depart from this basis and apply
the doctrine to an adult, who is capable of caring for himself and con-
tracting for himself, would greatly extend the doctrine and would
surely open the door to many fraudulent claims. We hold that it
should not be thus extended. We further hold that the petition here-
in, based upon a mere oral contract to adopt a person who was an
adult when it was made, fails to state a cause of action in equity for
equitable adoption, and cannot support the decree entered adjudging
that such adult person became the adopted child and sole heir of a
party to such oral contract and that he was the owner by inheritance
thereunder of all the property owned by such party at his death.

▮ Plaintiff says that even if the petition did not state sufficient
facts to support the decree entered, the petition should, on appeal, be
considered amended to conform to the proof, to include such facts,
which the chancellor by his decree declared was made. [Citing Gan-
naway v. Pitcairn (Mo. App.), 109 S. W. (2d) 78; Robinson v.
Commonwealth Casualty Co. (Mo. App.), 27 S. W. (2d) 49; McDon-
nell v. Cornelison (Mo. App.), 25 S. W. (2d) 558, and similar cases.]
This rule might be invoked to aid plaintiff's petition after judgment
if there were facts lacking, consistent with his theory of the case, and
with the decree entered by the court. The trouble here is that an
actual conceded basic fact (the mere oral contract to adopt a person

who was an adult when it was made) is inconsistent with the decree rendered (that such adult person became the adopted child and sole heir of a party to such an oral contract and took all his property by inheritance) and, therefore, the result reached cannot stand. However, we will remand the case because facts pleaded indicate that plaintiff might make a case in which equity could properly declare a trust in the specific real property conveyed to Carl Moseley by Mrs. Woodroof. [American Law Institute Restatement of the Law of Restitution, Chap. 9, Equitable Remedies, sec. 160, p. 643; see discussion of cases in Suhre v. Busch, 343 Mo. 679, 123 S. W. (2d), 8, decided September Term, 1938; see, also, Ver Standig v. St. Louis Union Trust Co., 339 Mo. 539, 98 S. W. (2d) 588; Stibal v. Nation (Mo.), 98 S. W. (2d) 724; Fishback v. Prock, 311 Mo. 494, 279 S. W. 38.] Or if plaintiff had evidence of an earlier agreement for adoption he may amend.

The judgment is reversed and the cause remanded. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.