**Mrs. Adel RUBIOLO et vir, Appellants,**

**v.**

**John E. McNEES, Executor of the Estate of Mary Mulfinger, Deceased, Appellee.**

**No. 5223.**

Court of Civil Appeals of Texas.

El Paso.

April 10, 1957.

Rehearing Denied May 1, 1957.

484

T. P. Hull, James L. Drought, San Antonio, for appellants.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

FRASER, Justice.

This case, although styled a will contest by appellant, is actually an attempt to contest a will, in that plaintiff sought to establish her status as an adopted daughter of a Mrs. Mulfinger, now deceased, and as such, undertook to contest decedent's will.

The case was appealed from County Court and tried in District Court to a jury. Only two issues were submitted to the jury, which were as follows:

Question 1: "Do you find from a preponderance of the evidence that, on or about the 12th day of December, 1921, Mary M. Mulfinger agreed with Mrs. Adel Rubiolo that she would adopt Mrs. Abel Rubiolo as her daughter?" Answer: "Yes".

Question 2: "Do you find from a preponderance of the evidence that after the said Mrs. Mulfinger made such agreement, if any, referred to in Question No. 1, that she held out Mrs. Adel Rubiolo as her daughter?" Answer: "No".

On the basis of the above answers, the trial court rendered judgment against the plaintiff, holding that she had no justiciable interest that would entitle her to contest the will.

We think the action of the trial court was correct, and hold that plaintiff-appellant failed to prove that she was an adopted daughter of the decedent.

First of all, it is clear that the statutory provisions in effect on December 12, 1921 were not complied with. Therefore, plaintiff has based her claim on the position that she was adopted by estoppel. In other words, that decedent, or her privies, were estopped from denying the adoption.

The courts of the State of Texas have dealt with this problem, and have given their stamp of approval to this doctrine of estoppel as applied to adoption, but have

done so only with caution and within certain well-defined boundaries. There are certain requisite elements, to wit, in the case of a minor child, there must have been an attempted compliance with the statute, or an agreement between the adopting parent and some one standing as either the natural parent, or in loco parentis with the person sought to be adopted, followed by reliance thereon and performance thereunder by the adoptee. These elements, it will be readily seen, create a situation where it would be inequitable and grossly unfair to the adopted child, who has performed services and rendered affection, for the adoptive parent or his privies to deny the adoption. Under these circumstances, the courts have held that where the child has performed as only a child can by services, affection, etc., the adoptive parent is estopped to deny the adoption: Cavanaugh v. Davis, 149 Tex. 573, 235 S. W.2d 972; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77; Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72.

These elements are not present in the instant case. In the first place, plaintiff was a married woman, 31 years old, whose husband was living, and still is, and who was the mother of two children at the time of the alleged adoption attempt. She was actually the step-daughter of decedent. So here we do not have the case of a minor child who had given a childhood of devotion and service, only to be denied on some technicality by other heirs of a decedent adoptive parent.

■ The point has been presented that this was an adoption by agreement. This presents many difficulties, and we will discuss it, although we do not find any statutory provision for such.

In the first place, we have here an alleged adoption agreement entered into by one married woman without the consent of her husband, with another married woman without the consent of *her* husband. We have grave doubts that the contracting parties, especially the decedent, could enter into a legal contract of adoption (if such were legally permissible) as a married woman without the consent of her husband. In the second place, the record reveals that plaintiff never lived in, or became a part of, the home of decedent; and, in the third place, the jury in its answer to the second question held against plaintiff, saying that decedent had not held her out as her daughter. In the fourth place, based on the above and the record, there is no evidence of performance. All issues not submitted by the plaintiff must be deemed waived, and plaintiff has not here submitted or had answered in its favor, any issues that would determine or establish that any agreement of adoption, even if it were legal, had ever been carried out, so as to invoke the doctrine of estoppel.

■ Plaintiff-appellant complains of the action of the court in not disregarding Issue No. 2, and argues that the evidence was to the contrary. The record reveals that there was ample evidence for the jury to return the answer it did to Question No. 2. While plaintiff introduced certain witnesses who testified that decedent had called plaintiff "daughter" and said she was her daughter, and that plaintiff and her husband had visited her and carried groceries to her on a weekly basis, appellee introduced many witnesses who were life-long friends, neighbors, landlords, etc., all of whom testified positively that they had never heard or seen such.

■ The burden here was on the plaintiff to establish and prove a set of facts that would invoke the doctrine of estoppel. This burden has not been met. We do not find any authority for the adoption of an adult until the adult adoption statute, Art. 46b-1, Vernon's Ann.Civ.St., was enacted in 1947, some twenty-six years after the date of the alleged agreement here involved. Further, it is difficult to see how an adult could successfully establish adoption by estoppel, for in such case we have an individual who is capable of caring for herself and contracting for herself, who

seeks to establish, and then to rely, on an oral contract in order to inherit a portion of the estate of decedent: Thompson v. Moseley, 344 Mo. 240, 125 S.W.2d 860.

We hold, therefore, that plaintiff failed to prove that she was the adopted daughter of decedent, and therefore had no legal standing as a contestant of decedent's will: Cheney v. Coffey, 131 Tex. 212, 113 S.W.2d 162, 114 S.W.2d 533; Reeves v. Ellis, Tex.Civ.App., 257 S.W.2d 876, (n. r. e.) Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559.

Appellants' points are accordingly overruled, and the judgment of the trial court affirmed.

McGILL, J., not participating.