591 So.2d 321 (1991)
Duane F. MILLER, Appellant,
v.
A.E. PACZIER, Guardian ad Litem, and Dale Edmund Airsman, Appellees.
No. 91-1426.
District Court of Appeal of Florida, Third District.
December 31, 1991.
*322 Fine, Jacobson, Schwartz, Nash, Block & England and Arthur J. England, Jr., and Carroll J. Kelly, Miami, for appellant.
Mallory H. Horton, A.E. Paczier, Key Largo, for appellees.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
The question presented is whether the doctrine of virtual adoption is applicable to a promise to adopt an adult. The trial court answered the question in the negative. We affirm.
Virtual adoption is an equitable doctrine designed to protect the interests of a person who was supposed to have been adopted as a child but whose adoptive parents failed to undertake the legal steps necessary to formally accomplish the adoption. See Sheffield v. Barry, 153 Fla. 144, 147-48, 14 So.2d 417, 419 (1943); Matter of Heirs of Hodge, 470 So.2d 740, 741 (Fla. 5th DCA 1985); Laney v. Roberts, 409 So.2d 201, 202 (Fla. 3d DCA 1982); Annot., Modern Status of Law as to Equitable Adoption or Adoption by Estoppel, 97 A.L.R.3d 347 (1980). The need for the doctrine arises when the adoptive parents die intestate. The doctrine is invoked in order to allow the supposed-to-have-been adopted child to take an intestate share. See, e.g., Sheffield v. Barry, 153 Fla. at 147, 14 So.2d at 419 ("[E]quity regards that as done which ought to have been done."); Laney v. Roberts, 409 So.2d at 203 (the doctrine is "`invoked to avoid an unfair result from the application of intestacy statutes....'") (citation omitted).
As Judge Newbold's opinion summarized it:
The concept of "virtual adoption" is not a part of the Florida Probate Code but is a court given name to a status arising from and created by contract where one takes and agrees to legally adopt the child of another but fails to do so. It is recognized by the State of Florida as an equitable remedy to protect the rights of minor children who had been given to adoptive parents to raise but then died intestate after failing to provide for the child.
The leading case in the state of Florida which set out the elements of "virtual adoption" is Sheffield v. Barry, 14 So.2d 417. It has been cited numerous times, one of the latest being Matter of Heirs of Dodge [Hodge], 470 So.2d 407 [740] (Fla.App. 5 Dist. 1985), wherein the elements are stated as:
1. An agreement between the natural and adoptive parents.
2. Performance by the natural parents of the child in giving up custody.
3. Performance by the child in living in the home of the adoptive parents.
4. Partial performance by the foster parents in taking the child into their home and treating the child as their child; and
5. Intestacy of the foster parents.
Order on Motion for Partial Summary Judgment, at 3.
The question of first impression in the present case is whether the doctrine can be applied to a promise to adopt an adult.
Appellant Duane Miller was the nephew of the decedent, Leora Miller. He alleges that during his adulthood, he developed a close relationship with his aunt and uncle,[1] to the point that they regarded him as a son. He contends that this close relationship gave rise to an implied contract to adopt him and that he should take an intestate share as a son, rather than the smaller share he would receive as a nephew.
We join what appears to be the substantially unanimous view of American courts and hold that the doctrine of virtual adoption is not applicable to an agreement to adopt an adult.[2] Again quoting the trial court's opinion:
*323 The issue before this court is whether, based upon the pleadings and the evidence presented, ... the doctrine of "virtual adoption" appl[ies] to a person who claims to have been virtually adopted as an adult due to a close and intimate relationship with the decedent and her former husband.
The concept of "virtual adoption" of an adult has been litigated in a few instances and each of the courts have rejected the claims. The case of Thompson v. Moseley, [344 Mo. 240,] 125 S.W.2d 860 (Supreme Court of Missouri, Div. 1 1939), has been cited many times. In Thompson v. Moseley a suit was brought to enforce an oral contract of adoption made when the plaintiff was 24 years of age.
The court on page 862 stated:
"However, we know of no case, and none is cited, in which this court has applied the doctrine of equitable adoption to specifically enforce an oral contract to adopt a person who was an adult at the time such verbal contract was made. Moreover, our view is that such an application would be contrary to the fundamental basis of the doctrine."
It further went on to say, on the same page:
"To depart from this basis and apply the doctrine to an adult, who is capable of caring for himself and contracting for himself, would greatly extend the doctrine and would surely open the door to many fraudulent claims."
... .[[3]]
In 1957, the St. Louis Court of Appeals, when asked to apply the doctrine in favor of an adult, in Hemphill v. Jackson, 306 S.W.2d 610, on page 612 stated:
"... but even if the Missouri law did prevail, it would not aid the defendant, for the doctrine of equitable adoption cannot be applied to an oral contract to adopt a person who was an adult at the time the oral contract was made."
Allowing the claim of Duane F. Miller that he be declared the virtually adopted child of the decedent herein would expand the concept of "virtual adoption" beyond the purpose for which it was conceived and open the door of the probate courts to fraudulent and frivolous claims of persons who have assisted and befriended the elderly during the last years of their life. The Florida Probate Code determines the right to take real or personal property by inheritance. "Virtual adoption" is an exception which was conceived to protect the interests of minors, who, having no voice in the matter, were given by their natural parents to adoptive parents based upon an oral agreement to allow the child to inherit from the adoptive parents, if they died intestate.
Order on Motion for Partial Summary Judgment, at 3-5.[4]
Affirmed.
NOTES
[1] The uncle predeceased the aunt.
[2] But see Matter of Estate of Mazzeo, 95 A.D.2d 91, 466 N.Y.S.2d 759 (A.D. 3 Dept. 1983) where an agreement to adopt an adult was finalized but not signed before the adoptor's death. The New York court allowed the adoptee to use the doctrine of equitable adoption to present a claim against the estate as a creditor, but not as an heir.
[3] The trial court also cited Gamache v. Doering, 354 Mo. 544, 189 S.W.2d 999 (1945), and Rubiolo v. McNees, 301 S.W.2d 483 (Tex.Civ.App. 1957).
[4] We also think that the facts brought forward by appellant do not create a disputed issue of material fact on the existence of an implied contract to adopt. That the aunt and uncle considered appellant to be the son they never had, and that their relationship was virtually that of parent and child does not, in our view, establish an implied agreement to adopt. There is a substantial difference between regarding an adult person as a son, as in this case, and agreeing to adopt that person.