Brett CURRY, Tina Curry, Dean Curry, and Terri Lynn Carrier, Appellants,

v.

Diane WILLIMAN, Appellee.

No. 05–91–01016–CV.

Court of Appeals of Texas, Dallas.

June 10, 1992.

Rehearing Denied Aug. 7, 1992.

Timothy J. Leahy, John C. Sherwood, Dallas, for appellants.

Howard V. Tygrett, Dallas, for appellee.

Before LAGARDE, KINKEADE and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Brett Curry, Tina Curry, Dean Curry, and Terri Lynn Carrier (the Currys) appeal from a summary judgment rendered for Diane Williman. The Currys sued to determine heirship of Stacy Curry. The Currys assert three points of error. In their first two points of error, the Currys maintain fact issues exist establishing an equitable adoption. In their third point of error, the Currys contend the trial court erred in holding that an equitable adoption does not affect a natural parent's inheritance rights. We affirm the trial court's judgment.

## STATEMENT OF FACTS

Stacy was born severely retarded. Floyd Curry and Diane Williman, Stacy's natural parents, divorced when Stacy was two years old. Floyd retained custody of their two children, Stacy and Brett. Williman sued for visitation rights with Brett. Williman had no contact with Stacy over the next twenty years.

Floyd later married Louise Curry. They had three children, Tina, Dean, and Terri. Louise attempted to legally adopt Brett and Stacy. When Williman opposed the adoption, Louise and Floyd abandoned the adoption. They made no other attempts to legally adopt Stacy or terminate Williman's parental rights.

Floyd predeceased Stacy. The court named Louise as Stacy's guardian. Stacy died intestate. The Currys filed an application for determination of heirship. They requested that Stacy's estate[1] be divided among her full brother, Brett, and her half-brother and half-sisters.

---

1. Stacy sued the hospital for negligence that occurred during her birth. She received a large monetary award.

Williman claimed a right to inherit one-half of Stacy's estate and moved for summary judgment. The trial court granted Williman's summary judgment. The court's judgment determined the heirs and interests of Stacy's estate as follows: Williman (50%), Brett Curry (20%), Tina Curry (10%), Dean Curry (10%), and Terri Lynn Carrier (10%).

## EQUITABLE ADOPTION

The Currys allege that Louise equitably adopted Stacy. They argue that the equitable adoption terminated Williman's inheritance rights. The Currys maintain sections 3 and 40 of the probate code, when read together, provide that a natural parent cannot inherit from an equitably adopted child. TEX. PROB. CODE ANN. §§ 3, 40 (Vernon Supp.1992). Williman contends the alleged equitable adoption did not terminate her inheritance rights.

Parties who live in a parent-child relationship based on an unperformed agreement to adopt the child do not create the legal status of a parent and child. *Heien v. Crabtree*, 369 S.W.2d 28, 30 (Tex. 1963). However, the parent's promises and conduct can create an equitable adoption which allows the child to assert intestate succession rights to the parent's estate. *Id.*

Equitable adoption estops those claiming under the deceased parent from denying the equitably adopted child's inheritance rights because the "child was not legally adopted or did not occupy the status of an adopted child." *Id.* The estoppel also applies to collateral kindred in privity with the adoptive parents.[2] *Pope v. First Nat'l Bank*, 658 S.W.2d 764, 766 (Tex. App.—Dallas 1983, no writ). Because the adoptive parents breached the agreement to adopt, neither the adoptive parents nor their heirs may inherit from the adopted child. Because the adopted child has made no promises upon which to assert estoppel,

---

2. All future references to "adoptive" or "adopted" shall mean equitably adopted and not adopted by statutory procedure.

equitable adoption applies only in favor of the child. *Heien,* 369 S.W.2d at 30–31; *Pope,* 658 S.W.2d at 765.

The probate code defines a child to include "an adopted child, whether adopted by any existing or former statutory procedure or by acts of estoppel." TEX. PROB. CODE ANN. § 3 (Vernon Supp.1992). Section 40 of the probate code governs inheritances from an adopted child as follows:

> For purposes of inheritance ... an adopted child shall be regarded as the child of the parent or parents by adoption ... and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural child of such parent or parents by adoption. The natural parent or parents of such child and their kin shall not inherit from or through said child.

TEX. PROB. CODE ANN. § 40 (Vernon Supp. 1992).

In 1963, the Texas Supreme Court rejected the argument that this language shows a legislative intent to allow adoptive parents to inherit from their equitably adopted child. *Heien,* 369 S.W.2d at 29–30. The Legislature could have expressly provided that inheritance rights in an equitable or legal adoption are the same had the *Heien* court incorrectly interpreted this section. It has not amended the statutory language.

The equitable adoption doctrine concerns the relationship between the equitably adoptive child and adoptive parent. It works only against those in privity with the adoptive parent. We hold that equitable adoption does not prevent natural parents from asserting their inheritance rights. We overrule the Currys' third point of error.

## MATERIAL QUESTION OF FACT

Assuming a fact question exists on whether Louise equitably adopted Stacy, it is not a genuine issue of material fact. Even if the facts were to show an equitable adoption, it would not affect Williman's right to inherit Stacy's estate. We over-

rule and do not discuss the Currys' first and second points of error.

We affirm the trial court's judgment.