**Tracy L. DAMPIER, Appellant**

v.

**Heidi Michelle WILLIAMS and Cheryl Williams Yearnd, Appellees**

NO. 01–15–00670–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued April 26, 2016

---

Timothy A. Hootman, Gary E. Patterson, Houston, for Appellant.

Kathleen H. Boll, Charlie Henke, Henke & Williams, LLP, Houston, for Appellees.

Panel consists of Justices Bland, Brown, and Lloyd.

## OPINION

Harvey Brown, Justice

Donald Williams died intestate. In the subsequent probate proceedings, the probate court granted summary judgment to Donald's niece, Cheryl Williams Yearnd, and his grand-niece, Heidi Williams, declaring that they are Donald's only living heirs. Tracy Dampier argues that Donald orally adopted him as his son "by estoppel" when Tracy was 19 and that, as Donald's adopted son, he is "owner of all of [Donald's] estate." Tracy requests that we be the first Texas appellate court to recognize an oral adoption of an adult by another adult through estoppel. We decline to do so and affirm the trial court's order.

## Background

Tracy was 19 years old when he first met Donald, who was about 30 years older than him. Tracy testified that Donald promised to adopt him. After Donald's promise, Tracy lived with Donald for a few years before moving out and living on his own. About 20 years later, Donald moved into Tracy's house and lived with him. While Donald lived with Tracy, Tracy cared for him and provided him meals and clothing. Donald hired a lawyer who drafted a general power of attorney and a medical power of attorney appointing Tracy as his "attorney" and "agent," both of which Donald signed.

Despite Donald's promise to adopt Tracy and their "frequent" discussions about adoption over the 30-year period, Donald never formally adopted Tracy. At no point did Donald ever file, or attempt to file, a petition to adopt Tracy. Nor did Tracy's biological parents ever terminate their relationship with Tracy or allow Donald to adopt him.

Yet, according to Tracy, Donald introduced Tracy as "his son to everybody." They referred to each other as "father" and "son." Cheryl and Heidi concede that Donald and Tracy were close; in their motion for summary judgment, they agree that Donald "had feelings and cared for Tracy." According to Tracy, Cheryl and Heidi never "maintained any relationship with [Donald] in the years, if not decades, prior to [Donald's death]."

Donald had been living with Tracy for four years when he died. After Donald's death, Tracy filed an application for determination of heirship in probate court, asserting that, as Donald's "adopted son," he

is the "owner of all of [Donald's] estate." Cheryl and Heidi subsequently filed a traditional motion for summary judgment arguing that (1) Donald never formally adopted Tracy, (2) Texas only recognizes adoption by estoppel for children who are minors at the time of the adoption, and (3) even if an adult could be adopted by estoppel, "there is no evidence that [Donald] made an express promise to adopt [Tracy]."

The trial court granted Cheryl and Heidi's motion for summary judgment. Tracy appeals.

### Adoption by Estoppel of an Adult

Tracy argues that the trial court erred by granting summary judgment to Cheryl and Heidi because Texas law recognizes adoption by estoppel for adults. He argues that "adults and minors have the same adoption and inheritance rights under the current Texas statutory law" and thus, adults, like minors, "may obtain an adoption by estoppel when the legal prerequisites of the agreement to [adopt] were never effectuated." Cheryl and Heidi argue that Texas law "pertaining to adoption by estoppel only references children.... If [Donald] had wanted to adopt [Tracy] it would have to have been done under the Texas Family Code which provides the procedure for adult adoption."

### A. Standard of review

 We review a trial court's order granting summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). We take as true all evidence favorable to the non-movant and make every reasonable inference and resolve any doubts in the non-movant's favor. *Id.* If we decide the trial court erred by granting the motion for summary judgment, we must render the judgment the trial court should have rendered. *Id.*

### B. Equitable doctrine of adoption by estoppel

 Adoption by estoppel occurs "when [a parent's] efforts to adopt [the child] are ineffective because of failure to strictly comply with statutory procedures or because, out of neglect or design, agreements to adopt are not performed." *Spiers v. Maples,* 970 S.W.2d 166, 170 (Tex. App.–Fort Worth 1998, no pet.); *see In re Marriage of Eilers,* 205 S.W.3d 637, 641 (Tex.App.–Waco 2006, pet. denied) (explaining that Texas recognizes adoption by estoppel); *Luna v. Estate of Rodriguez,* 906 S.W.2d 576, 579 (Tex.App.–Austin 1995, no writ) (same); *Pope v. First Nat. Bank in Dallas,* 658 S.W.2d 764, 765 (Tex. App.–Dallas 1983, no writ) (doctrine is applied "regularly" when, "because of the promises, acts and conduct of an intestate deceased, those claiming under and through him are estopped to assert that a child was not legally adopted or did not occupy the status of an adopted child."). This doctrine of equity is not "the same as legal adoption" nor does it have "all of the legal consequences of a statutory adoption." *Eilers,* 205 S.W.3d at 641. Instead, it merely protects the adopted "child's right to inherit by adoption" as if the adoption were legally completed. *Spiers,* 970 S.W.2d at 170.

Texas courts have "long" recognized this doctrine. *Pope,* 658 S.W.2d at 765; *see, e.g., Cheney v. Coffey,* 131 Tex. 212, 113 S.W.2d 162 (1938); *Cubley v. Barbee,* 123 Tex. 411, 73 S.W.2d 72 (1934); *Eilers,* 205 S.W.3d at 641. The Probate Code also recognizes the doctrine, defining "child" as including a person adopted by "acts of estoppel." Tex. Est. Code Ann. § 22.004(a)(2) (West 2014).

#### 1. Required proof

 To establish adoption by estoppel, the adopted child must prove, by a prepon-

derance of the evidence, (1) the existence of an agreement by the parent to adopt the child and (2) "performance" by the child, meaning that the child must show "love and affection" to the parent and render "services" such as a child would render to a parent.[1] Edward W. Bailey, *Adoption "By Estoppel,"* 36 Tex. L. Rev. 30, 34–36 (1957); *Luna,* 906 S.W.2d at 579–81 (explaining Texas Supreme Court's precedent establishing elements of adoption by estoppel); *Flynn v. State,* 667 S.W.2d 235, 237–38 (Tex.App.–El Paso 1984), *aff'd,* 707 S.W.2d 87 (Tex.Crim.App.1986) (discussing Texas law on adoption by estoppel).

 A child has been adopted by estoppel "when a natural parent delivers a child into the custody of others under an *agreement* between the parent and the custodians that the child will be adopted, and thereafter *the custodians and child live in a relationship consistent with that of parent and child." Luna,* 906 S.W.2d at 580. To establish that an agreement existed, the child must prove that the parent either (1) executed "a statutory instrument of adoption in the office of the county clerk"; (2) attempted to complete the statutory adoption but failed "to do so because of some defect in the instrument of adoption, or in its execution or acknowledgement"; or (3) agreed with "the person to be adopted, or with such person's parents, or some other person *in loco parentis* that he or she would adopt such person." *Low-*

rey v. Botello,* 473 S.W.2d 239, 240–42 (Tex.Civ.App.–San Antonio 1971, no writ). "In no case" has a Texas court "upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt." *Id.* at 241. Such an agreement may be oral. *See King v. Heirs & Beneficiaries of Watkins,* 624 S.W.2d 252, 255 (Tex.App.–Tyler 1981, writ ref'd n.r.e.); *Howell v. Thompson,* 190 S.W.2d 597, 600 (Tex.Civ.App.–Galveston 1945, no writ). Adoption by estoppel must be established by a preponderance of the evidence. *Moran v. Adler,* 570 S.W.2d 883, 885 (Tex. 1978).

## C. Texas case law suggests only a child can be adopted by estoppel

 Although Texas recognizes the equitable doctrine of adoption by estoppel, it has "done so only with caution and within certain well-defined boundaries."[2] *Rubiolo v. McNees,* 301 S.W.2d 483, 484–85 (Tex.Civ.App.–El Paso 1957, writ ref'd n.r.e.). The doctrine exists to prevent "a situation where it would be inequitable and grossly unfair to the adopted child, who has performed services and rendered affection, for the adoptive parent or his privies to deny the adoption." *Id.* at 485.

We cannot locate, nor do the parties point us to, any Texas case law holding that a person who is an adult at the time of his adoption can be adopted by estoppel. Texas courts have urged "caution" in ap-

---

1. Some courts have asserted that the child must also act in reliance on its belief that it was a child of the adoptive parent. *See, e.g., In re Estate of May,* No. 09–10–00024–CV, 2011 WL 497068, at *2 (Tex.App.–Beaumont Feb. 10, 2011, pet. denied) (mem.op.). But the Texas Supreme Court has not held that reliance must be proven to establish adoption by estoppel, and other courts have held that it is not; thus, we assume that reliance is not required. *See Luna,* 906 S.W.2d at 579–81 (explaining that child's reliance is not required element of adoption by estoppel); *see*

*also Spiers,* 970 S.W.2d at 171 (agreeing with *Luna*).

2. Tracy argues that adoption *statutes* are construed liberally in favor of the adoptive child "in order to effectuate their beneficial purpose." *Heard v. Bauman,* 443 S.W.2d 715, 715, 719 (Tex.1969). We, however, are dealing with *non-statutory* adoption, which is applied "with caution" in Texas. *Rubiolo,* 301 S.W.2d at 484–85.

plying the doctrine and, in two cases, suggested that only a person who is a minor at the time of the adoption can be adopted by estoppel. *See id.* (explaining that adoption by estoppel has been applied "only with caution....").

In the first, *Grant v. Marshall,* the Texas Supreme Court stated that "the existence of a contract to adopt [the child] *while she was a minor* ... is an essential element of adoption by estoppel." 154 Tex. 531, 280 S.W.2d 559, 564 (1955) (emphasis added). In *Grant,* the child claimed she was adopted by estoppel when she was 27 years old. *Id.* at 563. The Court did not address whether Texas should permit adoption by estoppel for an adult because the issue was not submitted to the jury and "[t]he essential elements of adoption by estoppel [including "the existence of a contract to adopt her while she was a minor" were] not present." *Id.* at 564.

Similarly, *Rubiolo v. McNees,* without deciding the issue, expressed concerns about allowing a person to be adopted by estoppel who was an adult at the time of the agreement to adopt. 301 S.W.2d at 485. The court emphasized that the child in *Rubiolo* was 31 at the time of the alleged adoption, thus the court did not "have the case of a minor child who had given a childhood of devotion and service, only to be denied on some technicality by other heirs of a decedent adoptive parent." *Id. Rubiolo* continued that "it is difficult to see how an adult could successfully establish adoption by estoppel, for in such case we have an individual who is capable of caring for herself and contracting for herself, who seeks to establish, and then to rely, on an oral contract in order to inherit a portion of the estate of decedent." *Id.* at 485–86.

Tracy attempts to distinguish *Grant* and *Rubiolo* because "during the period from 1931 to 1947"—the time period when the adoptions in those cases allegedly occurred—"there was no legal method by which an adult could be adopted." *Grant,* 280 S.W.2d at 563. Although Tracy is correct that both cases dealt with alleged adoptions that occurred during the period when adults could not be statutorily adopted, *Rubiolo,* at a minimum, looked disfavorably at the idea of allowing an adult to be adopted by estoppel.

In light of the caution with which Texas approaches the doctrine of adoption by estoppel in general and the language in *Grant* and *Rubiolo* disfavoring adoption of an adult by estoppel, we next examine whether the rationale for adoption by estoppel applies to adults.

## D. Rationale for adoption by estoppel does not apply to adoption of adults

█ It would be "inequitable and unjust" to allow the parent to fail to comply with an agreement to adopt "when he has taken the child at such an age that [he] had no will or choice of [his] own in the matter [and] after the child has performed everything contemplated by the relation provided for...." *Thompson v. Moseley,* 344 Mo. 240, 125 S.W.2d 860, 862 (1939). Under those circumstances, the law protects the minor child by holding that "the intended adoptive parent or his heirs will be estopped" from denying an adoption. *Id.*

The circumstances are different for an adult. Unlike a person who is adopted when he is a child and has "no will or choice of [his] own in the matter," *Thompson* held that justice did not require that "an adult, who is capable of caring for himself and contracting for himself" at the time of the adoption be protected by the doctrine of adoption by estoppel. *Thompson,* 125 S.W.2d at 862. Texas courts have cited *Thompson* in urging caution in allowing an adult to be adopted by estoppel;

*Rubiolo* cited *Thompson* in holding that "it is difficult to see how an adult could successfully establish adoption by estoppel, for in such case we have an individual who is capable of caring for herself and contracting for herself. . . ." 301 S.W.2d at 485–86. An adult must also decide whether to forgo his statutory rights to inherit from his biological parents—a choice required for a legal adoption of an adult. *See* TEX. FAM. CODE ANN. § 162.507(c) (West 2014) ("The adopted adult may not inherit from or through the adult's biological parent.").

Allowing an adult to be adopted by estoppel "would greatly extend the doctrine and surely open the door to many fraudulent claims." *See Thompson*, 125 S.W.2d at 862. Such an extension would open the door to abuse by "persons who have assisted and befriended the elderly during the last years of their life" and, after the decedent's death, claim the decedent "adopted" them by estoppel. *Hemphill v. Jackson*, 306 S.W.2d 610, 612 (Mo.Ct.App.1957).

 Moreover, there is another mechanism for two adults to ensure that their love and affection have legal consequences: the purported parent (or child) can prepare a simple will naming the other as his heir or convey his home or any other real property to the child while maintaining a life estate. A minor child cannot be expected to suggest these or other alternatives to an adult. Intestacy law provides the default rules on how "to distribute an intestate decedent's estate according to which of his heirs survive him." *Kirkpatrick v. Estate of Kane*, 743 S.W.2d 371, 372 (Tex.App.–Austin 1988, no writ). Wills and "[c]ontracts to make wills were recognized in the common law as early as 1682" allowing a person to contract around the default intestacy rules. *See McFarland v. Haby*, 589 S.W.2d 521, 523 (Tex.App.–Austin 1979, writ ref'd n.r.e).

Finally, the refusal to allow an adult to be adopted by estoppel is in line with, what appears to be, the majority rule. *See, e.g., Thompson*, 125 S.W.2d at 862 (refusing to allow adults to be adopted by estoppel); *Miller v. Paczier*, 591 So.2d 321, 323 (Fla. Dist.Ct.App.1991) (stating that adoption by estoppel of adult "has been litigated in a few instances and each of the courts have rejected the claims"); *see also* JOHN BOURDEAU & ERIC C. SURETTE, 2 C.J.S. *Equitable Adoption* § 30 (2015) ("The doctrine of equitable adoption cannot be applied to an oral contract to adopt a person who was an adult at the time the oral contract was made"); JOHN BOURDEAU & KRISTINA E. MUSIC BIRO, 2 AM. JUR. 2D *Elements and Indicia of Equitable Adoption* § 62 (2016) (equitable adoption does not apply to adoption of adults); Christopher J. Petri, *What's in a Name? Not Much for Equitable Adoption in Missouri*, 63 Mo. L. REV. 195, 203 (1998) (discussing Missouri case law refusing to allow adult to be adopted by estoppel).

### E. Adoption by estoppel not available to adults

As an intermediate appellate court, we decline to accept Tracy's invitation to broaden the doctrine to apply to adoption of adults. Tracy argues that the Family Code requires us to give the adoption of minors and the adoption of adults the same legal effect. *See* TEX. FAM. CODE ANN. § 162.507(b) (West 2014) (stating that adopted adult is entitled to inherit from adoptive parents "as though the adopted adult were the biological child of the adoptive parents"). But this provision of the Family Code does not require us to extend adoption by estoppel to the adoption of adults for two reasons. First, this argument is irrelevant to the question before us: we must determine whether an adult can be adopted through the equitable doc-

trine of estoppel—not whether the adopted adult is treated equally in a statutory adoption.

Second, the Family Code addresses *statutory* adoption, not adoption by estoppel, which, as Tracy points out in his brief, does not "confer the legal status of parent and child on the parties for all purposes." *See, e.g., Heien v. Crabtree,* 369 S.W.2d 28, 30 (Tex.1963) (holding that parents could not inherit estate of child adopted by estoppel because "legal or statutory adoption, binding on all persons in accord with the statutory provisions, differs from an equitable adoption, which is ... binding on the parties or those in privity with them...."); *Curry v. Williman,* 834 S.W.2d 443, 444 (Tex.App.–Dallas 1992, no writ) (adoption by estoppel does "not create the legal status of a parent and child."). Instead, the doctrine of adoption by estoppel is a judicially-created, equitable doctrine that courts apply to avoid inequity and injustice in inheritance when the adopted child cannot exercise his own will or choice in the adoption. *See Cubley,* 73 S.W.2d at 81. The statute addressing statutory adoption does not control the non-statutory doctrine of adoption by estoppel.

Similarly, Tracy argues that the Estate Code defines "child" as including a person "by acts of estoppel." TEX. EST. CODE ANN. §§ 22.004; 1002.004 (West 2014). He argues that a "child" can be an adult—a person remains his parent's child when he turns 18. Thus, he argues, a plain reading of the Estates Code requires extending adoption by estoppel to adults.

Adoption by estoppel, however, is not a statutory doctrine; it is a judicially-

created equitable doctrine. *See Cubley,* 73 S.W.2d at 81. The Estate Code does not outline a "statutory" procedure for a child to be adopted by estoppel. Thus, the statute does not create a right to adoption by estoppel. Instead, it recognizes that a person may be a child under the equitable doctrine of adoption by estoppel and allows the courts to determine the confines of the doctrine.

## Conclusion

Tracy and Donald knew each other for roughly 30 years without either party attempting to follow the statutory requirements for Donald to adopt Tracy. There is no evidence that they attempted to comply with the statutory requirements and simply made an error in doing so. Nor did Donald—despite going to a lawyer to give Tracy general power of attorney and medical power of attorney—make any provision for Tracy in a will.

With the legal procedures in place for an adoptive parent to either (1) legally adopt the adult[3] or (2) provide for that adult in his will, we are unwilling, as an intermediate appellate court, to hold that an adult may be adopted by estoppel.

Because the trial court did not err in finding that an adult cannot be adopted by estoppel, we do not reach Tracy's second issue of the sufficiency of evidence to establish that Donald adopted Tracy by estoppel.

We affirm the trial court's judgment.

---

**3.** The procedure to adopt an adult is much simpler than that to adopt a child. In order to adopt an adult, the parent must, with the adult's consent, file a petition to adopt "entitled 'In the Interest of _____, An Adult' " and, if "the petitioner is married, both spouses must join in the petition for adoption." TEX. FAM. CODE ANN. § 162.503 (West 2014). Additionally, both parties must attend a hearing on the petition to adopt. *Id.* at § 162.505.