IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-4

 No. COA20-389

 Filed: 2 February 2021

Halifax County, No. 19-E-182

HARLEY ELIZABETH SHEARIN, Petitioner,

 v.

CORA B. BROWN, CURTIS JULIAN BLOCKER, SUE B. COMEAUX, PAUL C.
BLOCKER, PATRICIA B. GILBERT, JOHN BLOCKER, JIMMY BLOCKER,
BOBBY M. BLOCKER, SYLVIA B. LUCAS, ARTHUR CLEADES MULLIS, JR.,
DEBRA MULLIS HELMS, JAMES RAY SHEARIN, JEWEL LEE JAYNES,
DONNIE SHEARIN, DAVID SHEARIN, WARREN LYNN SHEARIN, DANNY
SHEARIN, FRANCES S. HUNT, HENRY D. SHEARIN, JR., Individually and in his
capacity as Administrator of the Estate of GEORGE WADE SHEARIN, and BETSY
S. JONES, Respondents.

 Appeal by Petitioner from judgment entered 5 February 2020 by Judge

Josephine K. Davis in Halifax County Superior Court. Heard in the Court of Appeals

12 January 2021.

 Kirk, Kirk, Howell, Cutler & Thomas, L.L.P., by Candace M. Seagroves, for
 Petitioner-Appellant.

 Ward and Smith, P.A., by Michael J. Parrish and E. Bradley Evans, for
 Respondents-Appellees Cora B. Brown, Julian Blocker, Sue B. Comeaux, Paul
 C. Blocker, John Blocker, Jimmy Blocker, Bobby M. Blocker, Sylvia B. Lucas,
 Arthur Cleades Mullis, Jr., Debra Mullis Helms, James Ray Shearin, Jewel Lee
 Jaynes, Donnie Shearin, David Shearin, Warren Lynn Shearin, Danny
 Shearin, Frances S. Hunt, Henry D. Shearin, Jr., Individually, and Betsy S.
 Jones.

 No brief filed by Respondent-Appellee Patricia B. Gilbert.
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 No brief filed by Respondent-Appellee Henry D. Shearin, Jr., in his capacity as
 Administrator of the Estate of George Wade Shearin.

 INMAN, Judge.

¶1 Harley Elizabeth Shearin (“Petitioner”) appeals from an order dismissing her

 petition to be declared the sole heir to the Estate of George Wade Shearin

 (“Decedent”) and granting judgment on the pleadings in favor of Decedent’s other

 heirs (“Respondents”). Petitioner contends that her deceased father, Timothy Wade

 Shearin (“Timothy”), was equitably adopted by Decedent and that she is the sole heir

 to Decedent’s Estate under North Carolina’s intestacy statutes. After careful review,

 we affirm the trial court’s judgment.

 I. FACTUAL AND PROCEDURAL HISTORY

¶2 The pleadings below, which we are required to review in a light most favorable

 to Petitioner, disclose the following:

¶3 Timothy, Decedent’s only child, was born to Decedent and his then-wife, Vela

 Shearin, in 1967. While Timothy was a young child, Vela Shearin divorced Decedent

 and married Charles Verman Jenkins (“Mr. Jenkins”) in Virginia. Mr. Jenkins

 legally adopted Timothy at age nine, and Timothy changed his last name from

 Shearin to Jenkins. Timothy lived with Mr. Jenkins until at least age 18 before

 moving back to North Carolina at age 21.
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

¶4 Timothy reconnected with his biological father upon his return to the state,

 with Decedent providing a cabin for Timothy on a tract in Halifax County owned by

 Decedent. Decedent paid for and helped build a workshop for Timothy behind the

 cabin, and he purchased a pontoon boat for Timothy’s use. He also paid for Timothy’s

 college tuition and hosted a party when Timothy graduated.

¶5 Timothy and Decedent also made their father-son relationship known in other,

 more public ways. A 1993 newspaper article about Timothy’s mini stock car racing

 career listed Decedent as his father, and Timothy changed his last name back to

 Shearin in 1995. When Timothy got married two years later, Decedent paid for the

 rehearsal dinner, was identified as Timothy’s father in the local paper’s marriage

 announcement and the wedding program, served as Timothy’s best man in the

 wedding ceremony, and witnessed the marriage certificate as Timothy’s father.

 Timothy and his new wife continued to live in a home provided by Decedent, who

 later paid to survey and clear land on his property so that the newlyweds could build

 a larger home.

¶6 Petitioner was born to Timothy and his wife in May 1999, and the birth

 announcement acknowledged Decedent as her grandfather. In December of that

 year, at age 32, Timothy died in a work-related accident. His death was reported in

 a newspaper article, which again identified Decedent as Timothy’s father. Decedent

 received accidental death benefits as a beneficiary on Petitioner’s policy and was
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 listed as Timothy’s father on the death certificate. A few months after Timothy’s

 funeral, Decedent bought three burial plots surrounding Timothy’s grave.

¶7 Petitioner and Decedent developed a close relationship following Timothy’s

 death, and Decedent publicly expressed an intention that Petitioner receive

 Decedent’s assets someday. Decedent died intestate in February 2019, nearly a

 decade after his son’s death. Decedent’s obituary identified Petitioner as Decedent’s

 only grandchild.

¶8 Following Decedent’s passing, Respondent Henry D. Shearin, Jr., applied for

 letters of administration for Decedent’s estate. That application listed Respondents—

 not Petitioner—as the only heirs to Decedent’s estate. Letters of Administration were

 subsequently issued to Henry D. Shearin, Jr.

¶9 Having been omitted from the list of heirs to Decedent’s estate, Petitioner filed

 a petition to ascertain heirs, for declaratory judgment, and to revoke the letters of

 administration on the grounds that she was the sole heir under North Carolina’s

 intestacy statutes by virtue of Decedent’s alleged equitable adoption of her father.

 After the filing of their answers and the close of pleadings, Respondents filed a motion

 for judgment on the pleadings on the ground that “the facts alleged cannot sustain a

 finding of equitable adoption or that Petitioner is an heir of the Decedent as a matter

 of law.” The trial court heard arguments on 13 January 2020, granted the motion,

 and entered judgment for Respondents on 5 February 2020. Petitioner filed timely
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 notice of appeal.

 II. ANALYSIS

¶ 10 Both parties agree that the disposition of this appeal is controlled by Lankford

 v. Wright, 347 N.C. 115, 489 S.E.2d 604 (1997), in which our Supreme Court applied

 the doctrine of equitable adoption for the first and only time. That decision, as the

 lone appellate decision employing the doctrine, delineates equitable adoption’s

 necessary elements and expressly limits application of the doctrine to particular facts

 and circumstances. Id. at 118-20, 489 S.E.2d at 606-07. Petitioner acknowledges

 that Lankford was “narrowly focused on the case facts before it[,]” which concerned

 the equitable adoption of a minor by a foster parent, but requests this Court “expand

 the scope of . . . Lankford . . . to provide for the equitable adoption of an adult” so that

 she—rather than the equitably adopted person, as in Lankford—can inherit the

 entirety of Decedent’s estate under North Carolina’s intestacy statutes. Because the

 circumstances presented here fall outside the operative facts of Lankford and this

 Court lacks any authority to redraw the boundaries of the doctrine as delineated in

 that decision, we hold that the trial court properly entered judgment for Respondents.

 1. Standard of Review

¶ 11 We review a trial court’s ruling on a motion for judgment on the pleadings de

 novo. Barefoot v. Rule, 265 N.C. App. 401, 403, 828 S.E.2d 685, 687 (2019) (citing

 Samost v. Duke Univ., 226 N.C. App. 514, 517-18, 742 S.E.2d 257, 259-60 (2013)).
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 Under this standard, the reviewing court:

 is required to view the facts and permissible inferences in
 the light most favorable to the nonmoving party. All well
 pleaded factual allegations in the nonmoving party’s
 pleadings are taken as true and all contravening assertions
 in the movant’s pleadings are taken as false. All
 allegations in the nonmovant’s pleadings, except
 conclusions of law, legally impossible facts, and matters
 not admissible in evidence at the trial, are deemed
 admitted by the movant for purposes of the motion.

 Samost, 226 N.C. App. at 517, 742 S.E.2d at 517 (quoting Ragsdale v. Kennedy, 286

 N.C. 130, 137, 209 S.E.2d 494, 499 (1974)). Judgment on the pleadings is proper

 when “the movant clearly establishes that no material issue of fact remains to be

 resolved and that he is entitled to judgment as a matter of law.” Id. at 518, 742 S.E.2d

 at 260 (citation and quotation marks omitted).

 2. Lankford And Its Limits

¶ 12 Lankford presented a single question to the Supreme Court: “whether North

 Carolina recognizes the doctrine of equitable adoption.” 347 N.C. at 116, 489 S.E.2d

 at 605. In that case, a mother entered into an adoption agreement with her

 neighbors, the Newtons, for the care of her minor daughter. Id. at 117, 489 S.E.2d at

 605. The daughter moved in with her new family, took Newton as her last name, and

 was known at school and in the community as the Newtons’ daughter. Id. She was

 identified in Mr. Newton’s obituary as his sole surviving daughter, referred to Mrs.

 Newton as “mother,” and obtained a Social Security card under their shared last
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 name. Id. She opened a bank account with Mrs. Newton and sent her foster mother

 a portion of her income while serving in the Navy. Id. When Mrs. Newton grew sick,

 her foster daughter took leaves of absence to provide care. Id.

¶ 13 Mrs. Newton passed away in 1994 without formally finalizing a legal adoption

 of her foster daughter. Id. Though she had prepared a will naming her foster

 daughter as co-executrix and making specific bequests to her, it could not be probated

 due to defacement of portions of the will by an unknown person. Id. Mrs. Newton

 was thus deemed to have died intestate, and her foster daughter filed a declaratory

 judgment action to determine whether she was a legal heir to her foster mother’s

 estate. Id.

¶ 14 Our Supreme Court held that, based on the above facts, the plaintiff had been

 equitably adopted by the Newtons. Id. at 118, 489 S.E.2d at 606. Absent any

 precedent and tasked with establishing when and how the newly recognized doctrine

 could be applied, the Court stated that the remedy of equitable adoption is available

 “to protect the interest of a person who was supposed to have been adopted as a child

 but whose adoptive parents failed to undertake the legal steps necessary to formally

 accomplish the adoption.” Id. (citation and quotation marks omitted) (emphasis

 added). It further explained that the doctrine “does not confer the incidents of formal

 statutory adoption; it merely confers rights of inheritance upon the foster child in the

 event of intestacy of the foster parents.” Id. (footnote omitted).
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

¶ 15 The Supreme Court in Lankford noted that the new doctrine it recognized “is

 limited to facts comparable to those presented here. . . . A majority of the

 jurisdictions recognizing the doctrine have successfully limited its application to

 claims made by an equitably adopted child against the estate of the foster parent. By

 its own terms, equitable adoption applies only in limited circumstances.” Id. at 119,

 489 S.E.2d at 606 (citations omitted). The Court followed this statement by setting

 forth the doctrine’s necessary elements:

 (1) an express or implied agreement to adopt the child,

 (2) reliance on that agreement,

 (3) performance by the natural parents of the child in
 giving up custody,

 (4) performance by the child in living in the home of the
 foster parents and acting as their child,

 (5) partial performance by the foster parents in taking the
 child into their home and treating the child as their own,
 and

 (6) the intestacy of the foster parents.

 Id. at 119, 489 S.E.2d at 606-07 (citing 2 Am.Jur.2d Adoption § 54 (1994)). The

 Supreme Court crafted these elements with an eye towards constraint, writing that:

 [t]hese elements . . . limit the circumstances under which
 the doctrine may be applied. Specifically, the doctrine acts
 only to recognize the inheritance rights of a child whose
 parents died intestate and failed to perform the formalities
 of a legal adoption, yet treated the child as their own for all
 intents and purposes. The doctrine is invoked for the sole
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 benefit of the foster child . . . .

 Id. at 119, 489 S.E.2d at 607-08 (citations omitted). It then applied the doctrine to

 the facts before it, concluding that they “fit squarely within the parameters of the

 doctrine of equitable adoption and are indicative of the dilemma the doctrine is

 intended to remedy.” Id. at 120, 489 S.E.2d at 607.

 3. This case is different from Lankford

¶ 16 The facts of this case differ materially from those present in Lankford and

 preclude application of the equitable adoption doctrine as delineated by our Supreme

 Court. We decline Petitioner’s invitation to expand Lankford’s holding.

¶ 17 This case does not involve a person who was: (1) taken in as a minor by foster

 parents; (2) raised by those foster parents from childhood as if he was their legally

 adopted son; and (3) effectively disinherited by his foster parents’ failure to comply

 with adoption’s legal formalities. Instead, it revolves around two biologically—but

 not legally—related adults who formed a personal relationship after both were over

 the age of majority. Timothy’s age at the time he reconnected with Decedent alone

 precludes Petitioner from invoking the doctrine of equitable adoption, which, per our

 Supreme Court, “is a remedy to protect the interest of a person who was supposed to

 have been adopted as a child[.]” Id. at 118, 489 S.E.2d at 606 (citation and quotation

 marks omitted) (emphasis added). The Court later stated that “the doctrine is limited

 to facts comparable to those presented [in Lankford],” id. at 119, 489 S.E.2d at 606,
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 and, in reciting the operative facts that established the necessary elements of

 equitable adoption, specifically relied on the fact that “the Newtons treated plaintiff

 as their child by taking her into their home, giving her their last name, and raising

 her as their child[.]” Id. at 120, 489 S.E.2d at 607 (emphasis added). We hold that

 the equitable adoption doctrine recognized in Lankford is unavailable to vindicate

 Petitioner’s interests because this case involves a purported adoption of an adult.1

¶ 18 Though Timothy’s age alone precludes application of the equitable adoption

 doctrine, other facts distinguish this case from Lankford. For example, Petitioner is

 not the adoptee in the equitable adoption she propounds. Our Supreme Court in

 Lankford observed that “[a] majority of the jurisdictions recognizing the doctrine have

 successfully limited its application to claims made by an equitably adopted child

 against the estate of the foster parent . . . for the sole benefit of the foster child[.]” Id.

 1 This prohibition against employing the doctrine to recognize an equitable adoption

 of an adult also “appears to be the substantially unanimous view of American courts.” Miller
 v. Paczier, 591 So.2d 321, 322 (Fla. Dist. Ct. App. 1991); see also Dampier v. Williams, 493
 S.W.3d 118, 124 (Tx. Ct. App. 2016) (noting “the refusal to allow an adult to be adopted by
 estoppel is in line with, what appears to be, the majority rule” and, “[a]s an intermediate
 appellate court, . . . declin[ing] . . . to broaden the doctrine to apply to adoption of adults”
 (citations omitted)). While Petitioner cites two decisions from other jurisdictions that touch
 on the issue of equitable adoption between adults, she acknowledges that they support only
 “a potential extension of the theory . . . to . . . the context of an adult adoption.” (emphasis
 added). See Matter of Mazzeo, 95 A.D.2d 91, 93-94 (N.Y. S. Ct. 1983) (holding doctrine could
 be applied to an adult adoption to establish the adoptee as a creditor of an estate but not as
 an heir); Herrera v. Clau, 772 P.2d 682, 683 (Col. App. 1989) (resolving whether equitable
 adoption of two adult stepchildren gave them standing to bring a wrongful death action).
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

 at 119, 489 S.E.2d at 606 (citation omitted) (emphasis added).2

¶ 19 We acknowledge Petitioner’s argument that the policy concerns undergirding

 our intestacy statutes support extending equitable adoption beyond Lankford’s facts

 and its limited expression of the doctrine. However, “[w]e are an error-correcting

 body, not a policy-making or law-making one.” Connette v. Charlotte-Mecklenburg

 Hospital Authority, ___ N.C. App. ___, ___, 845 S.E.2d 168, 172 (2020) (citation

 omitted). Furthermore, Lankford is a comprehensive opinion from our Supreme

 Court that we cannot modify, as “[o]nly the Supreme Court can do that.” Id. So,

 while “it is the unique role of courts to fashion equitable remedies to protect and

 promote the principles of equity,” Lankford, 347 N.C. at 120, 489 S.E.2d at 607, this

 Court, as an intermediate appellate court, cannot extend equitable adoption beyond

 the “limited circumstances” established by our Supreme Court. Id. at 119, 489 S.E.2d

 at 606.

 III. CONCLUSION

¶ 20 For the foregoing reasons, we affirm the trial court’s order granting judgment

 2 Petitioner points out that West Virginia allows the heir of an equitably adopted

 person to avail themselves of the doctrine to take from the adopter’s estate by intestacy. First
 Nat. Bank In Fairmont v. Phillips, 344 S.E.2d 201 (W.Va. 1985). However, West Virginia,
 unlike North Carolina, does not follow the majority of states in its expression of the doctrine
 because it does not require a purported adoptee to show an implied or express adoption
 contract. Id. at 203. Also, West Virginia requires an adoptee “to prove by clear, cogent and
 convincing evidence that he has stood from an age of tender years in a position [e]xactly
 equivalent to a formally adopted child.” Wheeling Dollar Sav. & Trust Co. v. Singer, 250
 S.E.2d 369, 373 (W.Va. 1978) (emphasis added).
 SHEARIN V. BROWN

 2021-NCCOA-4

 Opinion of the Court

on the pleadings for Respondents.

 AFFIRMED.

 Judges DILLON and ARROWOOD concur.